### JAMES v. HOME OF THE SONS AND DAUGHTERS OF ISRAEL.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

BROKERS ⊗═67—BREACH OF CONTRACT—ACTION FOR DAMAGES.

 . Where defendant agreed to purchase certain property at an agreed price, if plaintiff would procure its sale, knowing that plaintiff would receive a commission from the owner, and afterwards refused to purchase without a valid reason, plaintiff might recover damages, measured by the amount of such commission.

 [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 52–54; Dec. Dig. ⊗═67.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Edward M. James against Home of the Sons and Daughters of Israel. From a judgment for defendant after a trial by judge without a jury, plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Edward M. James, of New York City, for appellant.

Breitbart & Breitbart, of New York City (Bernard Breitbart, of New York City, of counsel), for respondent.

BIJUR, J. The evidence in this case would have warranted findings to the following effect: That defendant through one of its directors had authorized the purchase, at a certain price, of a piece of property owned by one Ferri; that the director told plaintiff that if the property could be procured at the price named it would be purchased. Plaintiff secured Ferri's assent, notified the director to have his purchaser ready at a certain place and time to sign the contract and to deposit $1,000 on account. Defendant's president and other officers appeared at the time and place, and plaintiff repeated his understanding

of the matter to them without any dissent on their part. When all the parties were brought into touch with Ferri, defendant insisted that it, as a charitable institution, should get half of the commission which the plaintiff was to receive from Ferri. Plaintiff rejected this proposition, and the transaction was not consummated; but, about a month and a half after the date set for the closing of title in the tentative contract of sale that had been prepared, the defendant purchased the property from Ferri, nominally through a broker, but admittedly received the entire commission as a contribution to its own funds. Plaintiff sued to recover by way of damages an amount equivalent to the commission which he would have received had the original arrangement been carried out.

The learned judge below seems to have decided this case on a question of law of which I think that he has taken an erroneous view. The defendant agreed with plaintiff that, if plaintiff would procure the sale to it of the property named at an agreed price, it would purchase the same, and it was aware that plaintiff would receive a commission from the owner. When it broke this contract with plaintiff by refusing to complete the transaction without valid reason, plaintiff was entitled to his damage, and the measure thereof was the amount of the commission which he would have received. This follows from the nature of a contract and the result of its breach. The theory, though elementary, is recognized in Arndt v. Miller, 48 Misc. Rep. 612, 95 N. Y. Supp. 604, where an insurance broker brought suit against the insured for commissions after the insured had refused to accept the policy issued upon his authorization of the broker to procure the same. It was held that the theory of the action was erroneous, that it "should have been for damages for defendant's refusal to permit them (the brokers) to earn the commission." In that particular case, it was also pointed out that substantial damages could hardly be recovered in view of the provision of the policies that they might be canceled at any time at the defendant's option. That comment, however, has no application to the case at bar, where the amount of plaintiff's damages is fixed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.