RAYMOND C. PARKER, Respondent, *v.* PAUL G. SIMON, Appellant.

Contract — assignment — when assignor of contract cannot maintain action thereon to recover commissions lost owing to defendant's failure to perform — sole right to recover damages in assignee in absence of reservation in assignment or proof of independent contract or guaranty.

Plaintiff's complaint alleges that plaintiff and defendant entered into a contract for the sale of merchandise on specified terms, it being agreed on the signing of the contract that plaintiff was to transfer the same to a third party upon defendant's establishing certain credits in favor of the corporation to whom such assignment was to be made, which corporation was to then deliver the merchandise to defendant. It was stipulated that upon defendant's performing the agreement the plaintiff was to receive a commission on the sales price of the material from such corporation, which agreed to perform the contract in the place of plaintiff. The defendant refused to establish the credit called for by the contract and defaulted in his performance. The corporation did not deliver the material to defendant and plaintiff was not paid his commission. *Held,* that he has no cause of action under the agreement; that the defendant incurred no obligation to anybody other than the vendor, plaintiff having assigned the contract under which he claims with all of his rights thereunder; that there is no

independent contract for a valuable consideration by which defendant became liable to plaintiff for his compensation. (*James* v. *Home of Sons & Daughters of Israel*, 153 N. Y. Supp. 169, distinguished.)

*Parker* v. *Simon*, 194 App. Div. 342, reversed.

(Argued May 31, 1921; decided October 4, 1921.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 17, 1920, which reversed an order of Special Term denying a motion by plaintiff for judgment on the pleadings and sustaining a demurrer by defendant to the amended complaint and granted said motion.

The following question was certified: "Does the amended complaint herein state facts sufficient to constitute a cause of action?"

*Max Shlivek* for appellant. The plaintiff should not recover on the amended complaint herein because there is no connection between the defendant's refusal to carry out his contract with the Sweet's Steel Company and the refusal of the Sweet's Steel Company to pay to the plaintiff the commission which he was entitled to recover from it as a consideration for assigning his contract to the Sweet's Steel Company. (*Hevia* v. *Wheelock*, 162 App. Div. 759; *Reis* v. *Zimmerli*, 224 N. Y. 351.)

*Joseph Dannenberg* and *John T. McGovern* for respondent. The allegations in the complaint clearly show that this is an action for breach of contract and the remedy sought is damages for such breach. (*Darling* v. *Moskowitz*, 159 N. Y. Supp. 672; *Newman* v. *Pierson*, 182 N. Y. Supp. 227; *Amory* v. *Washington Steamboat Co.*, 120 App. Div. 818; *Livermore* v. *Crane*, 26 Wash. 529; *Cavender* v. *Addingham*, 2 Mo. App. 551; *Atkinson* v. *Pack*, 114 N. C. 597; *Eells* v. *Parsons*, 132 Iowa, 543.)

HISCOCK, Ch. J. This appeal involves the question whether plaintiff's complaint states a cause of action.

The Special Term held that it did not and sustained the defendant's demurrer; the Appellate Division took the opposing view and held that the complaint did state a cause of action. Our conclusion is that the Special Term was correct and that a cause of action is not stated. Independent of allegations which are formal or immaterial and which need not be repeated, the complaint alleged in substance that the plaintiff and defendant entered into a written contract for the sale by the former and the purchase by the latter of a quantity of steel rails on specified terms; that it was understood that the defendant immediately should establish " an irrevocable letter of credit in a bank in New York city in favor of the Sweet's Steel Company * * * which letter of credit could be drawn against by said Sweet's Steel Company upon the presentation of invoices," etc.; that it was agreed and understood on the signing of the contract that the plaintiff had arranged to transfer the same to the Sweet's Steel Company which was to deliver the rails to defendant under the terms of said agreement upon the defendant's establishing a letter of credit; that " it was further understood that upon the defendant's performing the said agreement and the said mill (said Sweet's Steel Company) thereupon performing the same that the plaintiff was to receive one per cent. of the sales price of the material covered by said agreement from said mill as his compensation; and it was understood that if the defendant did not perform the conditions on their part that the plaintiff would not receive said commission or any compensation whatsoever from said Sweet's Steel Company; " that the plaintiff assigned the said contract to the said Sweet's Steel Company which thereupon agreed to carry out and perform the same in all respects in the place and stead of the plaintiff; that it was ready, able and willing to perform its part of the contract and offered to do so but that the defendant neglected and refused to establish the letter of credit referred to in the agreement or

any letter of credit whatever, and finally defaulted in the performance of his contract; that by reason of the premises the said Sweet's Steel Company did not deliver the said rails to the defendant and the plaintiff was not paid his said commission or compensation which would have amounted to $2,250 and for payment of which sum as damages demand is made.

We are entirely unable to get started upon any theory which leads to the conclusion that plaintiff has a cause of action against defendant under the allegations of his complaint. Too plainly for debate he has no cause of action under the terms of the agreement for the purchase by the defendant of steel rails. The purpose and obligations of that contract are defined by its written terms. The defendant as vendee became obligated to take a certain amount of merchandise on terms therein specified and if he defaulted in his obligation he became liable solely and exclusively to the vendor for the damages which the latter had suffered by reason of such default. Under that contract he incurred no obligation to anybody other than the vendor. Originally plaintiff as such vendor might have recovered damages for defendant's alleged breach of contract. But before the action was brought he had assigned his contract to the Sweet's Steel Company which thenceforth held the obligations of defendant and the right to recover damages for any breach thereof. Undoubtedly the plaintiff in making this assignment might have reserved certain rights under the contract against defendant but he did not do so. His assignment was absolute and coextensive with the contract and he lost all relationship with and gave up all rights against the defendant thereunder.

Therefore, if plaintiff has a cause of action against defendant for loss of his commissions or compensation it must be by virtue of some contract or obligation in *addition* to the written one to which we have referred. We find no allegation of any such. It is not alleged in

the remotest manner that defendant made any independent contract with plaintiff that he would carry out the principal contract assigned to Sweet's Steel Company so as to permit plaintiff to earn his commissions, or that he in any manner guaranteed that plaintiff should earn and receive his commissions or that he would be responsible for the payment thereof if through his fault or otherwise Sweet's Steel Company failed to pay them, or that he had employed plaintiff to bring about the sale and purchase of the rails so that he was responsible for his commission. It is true that the complaint alleges that defendant " understood " that if the primary contract was carried out plaintiff was to receive from the Sweet's Steel Company a certain compensation. But this understanding in the light of the other allegations of the complaint did not in any manner make defendant responsible for the payment of such compensation or liable beyond the limits of the ordinary obligations which he assumed under the contract for the purchase of the rails.

Therefore, we conclude that defendant is not liable to plaintiff under the terms of the written contract because plaintiff has assigned that contract with all of his rights thereunder, and there is no independent contract for a valuable consideration by which defendant became liable for the payment to plaintiff of his compensation and, therefore, liable for damages for breach of contract.

In this respect this case differs decisively from those cited by the plaintiff and of which we may select his leading citation of *James* v. *Home of the Sons & Daughters of Israel* (153 N. Y. Supp. 169) as a sample. That decision proceeded upon the theory that the defendant had made a contract with the plaintiff to procure the purchase of a certain piece of property. The plaintiff procured the property in accordance with the terms which had been authorized by defendant and then the latter refused to take the property with the result that the purchase fell through and plaintiff lost his commissions. The

court held that there was a contract between the defendant and the plaintiff for the purchase of the property and that when the defendant broke its contract the plaintiff became entitled to damages which he had suffered as the result of such breach and which were measured by the compensation that he would have earned if the defendant had fulfilled its obligations. Thus there was present in that case what we utterly fail to find in the allegations of this complaint, an existing contract between the plaintiff and defendant which the latter had broken with the resulting liability for damages.

In accordance with these views the order of the Appellate Division should be reversed and that of the Special Term affirmed and the question certified answered in the negative, with costs in this court and in the Appellate Division.

HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur; CHASE, J., deceased.

Ordered accordingly.