Appellate Term, First Department, December, 1921.  [Vol. 117

———

Iʀᴀ Tʜᴏᴍᴀs MᴄKɴɪɢʜᴛ, Respondent, *v.* J. Fʀᴀɴᴋ MᴄGᴜɪʀᴇ, Appellant.

(Supreme Court, Appellate Term, First Department, November Term — Filed December, 1921.)

**Brokers — commissions — lessee held liable for services in procuring lease when commission cannot be secured from the owner.**

The mere fact that a broker was employed by the owner of real estate to procure a lessee therefor does not preclude the broker from being also employed by another to submit to the owner an offer to rent the premises.

Defendant at the time he stated to plaintiff, a real estate broker, "If you can get that house for two years for $250 a month I will take it," was aware that the plaintiff would obtain a commission from the owner of the premises. In consequence of defendant's failure to make a certain payment to be made on delivery of the lease, it did not become effective and plaintiff failed to earn any commission from the owner of the premises. *Held,* that defendant's statement was an employment of plaintiff to act as defendant's agent in the matter, and that defendant was liable in damages for breach of his agreement with the plaintiff, and the judgment in favor of plaintiff will be affirmed.

APPEAL by defendant from a judgment of the Municipal Court, borough of Manhattan, ninth district, entered in favor of the plaintiff.

Walter R. Kuhn, for appellant.

Allen P. Hallett (Thomas Berry, of counsel), for respondent.

LEHMAN, J. The plaintiff, a real estate broker, had numerous conversations with the defendant in reference to procuring for him the lease of some suitable dwelling. He showed him a number of residences which were not satisfactory. On September twenty-ninth he took the defendant in his car and showed him the residence of a Mr. Rigby for which the owner was asking $300 per month. The defendant then stated to the plaintiff: "If you can get that house for two years for $250 a month I will take it." The plaintiff thereupon telephoned this offer to the owner of the house who accepted it. The parties thereupon met and agreed upon all the terms of a lease. The lease contained a clause that the lessee should pay $500 on the delivery of the lease and though the defendant signed the lease and promised to pay $500 promptly and accept delivery of the lease, he has failed to do

so. Since the lease was not to be delivered and become an effective contract until the $500 was paid, the plaintiff failed to earn any commission from the owner of the premises and has now brought this action against the defendant.

It seems clear that if the defendant employed the plaintiff to submit an offer to the owner of the premises and agreed with the plaintiff that if plaintiff procured a lease for him upon acceptable terms he would rent the premises and if at that time he was aware of the fact that the plaintiff would thereby obtain a commission from the owner of the premises, he is liable in damages for the breach of his agreement with the plaintiff. *James* v. *Home of the Sons & Daughters of Israel,* 153 N. Y. Supp. 169, cited in *Parker* v. *Simon,* 231 N. Y. 503. The mere fact that the plaintiff was employed by the owner to procure a lessee for the premises does not prevent the plaintiff from being also employed by this defendant to submit to the owner an offer for the premises. In fact there can be no question in this case that the plaintiff was authorized by this defendant to submit to the owner an offer for the premises. In fact there can be no question in this case that the plaintiff was authorized by this defendant to make an offer in his behalf. The case is not one where a broker merely brings to a possible purchaser or lessee an offer to sell or lease on behalf of the owner to be accepted or refused by the proposed customer for in this case the broker was endeavoring to find property for sale or lease which would be satisfactory to this defendant and he was authorized to carry the offer of the defendant to the owner. The defendant undoubtedly knew that the plaintiff was performing these services in the hope of profit and he also undoubtedly knew that ordinarily the broker looks to the owner for his com-

missions and that, therefore, the plaintiff would become entitled to the commissions from the owner if the defendant's offer to lease was accepted. The defendant stated to the plaintiff " if you can get that house for two years for $250 a month I will take it," and under all the circumstances of the case this statement constituted not merely an offer to the owner but an employment of the plaintiff to act as his agent in carrying an offer to the owner and an express agreement with the defendant that if the offer is accepted, the defendant will enter into a contract for the property. In my opinion the case can in no wise be distinguished from *James* v. *Home of the Sons & Daughters of Israel, supra,* and the Court of Appeals in the case of *Parker* v. *Simon, supra,* seems to approve the reasoning of that case.

Judgment should, therefore, be affirmed, with twenty-five dollars costs.

WHITAKER and DELEHANTY, JJ., concur.

Judgment affirmed.