PEASE & ELLIMAN, INC., Respondent, v. GLADWIN REALTY CO., INC., and Another, Appellants.

First Department, April 30, 1926.

Brokers — real estate broker — action by broker to recover damages from prospective lessee — defendant lessee agreed to lease premises on terms stated by it with knowledge that plaintiff would receive commissions from lessor — defendant having refused to execute lease is liable to plaintiff.

A corporation which agrees with a real estate broker to execute a lease of a building on terms stated by him, with knowledge that the broker will receive commissions from the owner for procuring the lease, is liable on its refusal to perform the contract and execute a lease according to the terms stated for the damages suffered by the broker which are to be measured by the amount he would have received as commissions.

APPEAL by the defendants, Gladwin Realty Co., Inc., and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of April, 1925, upon the verdict of a jury.

*David J. Gladstone*, for the appellants.

*Foster, LaGuardia & Cutler* [*A. S. Cutler* of counsel; *S. S. Groggins* with him on the brief], for the respondent.

Clarke, P. J. This action was brought by a real estate broker which was employed by the owner to lease certain real property. It brought said property to the attention of the defendant Margulies. Defendant knew that the broker, if he succeeded in leasing the same, would receive commissions from the owner. After considering various terms, which were not satisfactory to the defendant, the representative of the plaintiff testified that he said to defendant: " ' Maybe I can get the owner to buy back Mr. Reynolds' lease and make a new lease to you for twenty-one years without a cancellation clause in it.' He says, ' Go and do that and I am on.' " Thereafter the defendant wrote a letter to the plaintiff: " I agree to enter into a lease for twenty-one years from April 1, 1923, without right to renew, on the property located at 6 East 48th Street, and will pay a net annual rental as follows: " (setting forth the particulars). He thereafter refused to enter into the lease upon the terms to which he had agreed, and which were accepted by the owner. This action is to recover plaintiff's damages for defendant's failure to perform his contract, namely, the amount of the commissions which the plaintiff would have received from the owner of the property if the defendant had executed the lease which he had promised to do. In *James* v. *Home of the Sons & Daughters of Israel* (153 N. Y. Supp. 169) Mr. Justice Bijur, in writing for the Appellate Term, said: " The defendant agreed with plaintiff that, if plaintiff would procure the sale to it of the property named at an agreed price, it would purchase the same, and it was aware that plaintiff would receive a commission from the owner. When it broke this contract with plaintiff by refusing to complete the transaction without valid reason, plaintiff was entitled to his damage, and the measure thereof was the amount of the commission which he would have received. This follows from the nature of a contract and the result of its breach."

That case was referred to in *Parker* v. *Simon* (231 N. Y. 503, 507) as follows· " In this respect this case differs decisively from those cited by the plaintiff and of which we may select his leading citation of *James* v. *Home of the Sons & Daughters of Israel* (153 N. Y. Supp. 169) as a sample. That decision proceeded upon the theory that the defendant had made a contract with the plaintiff to procure the purchase of a certain piece of property. The plaintiff procured the property in accordance with the terms which had been authorized by defendant and then the latter refused to take the property with the result that the purchase fell through and plaintiff lost his commissions. The court held that there was a contract between the defendant and the plaintiff for the purchase of the property and that when the defendant broke its contract

the plaintiff became entitled to damages which he had suffered as the result of such breach and which were measured by the compensation that he would have earned if the defendant had fulfilled its obligations.  Thus there was present in that case what we utterly fail to find in the allegations of this complaint, an existing contract between the plaintiff and defendant which the latter had broken with the resulting liability for damages."

In *McKnight* v. *McGuire* (117 Misc. 306) Mr. Justice LEHMAN, writing for the Appellate Term, said: " It seems clear that if the defendant employed the plaintiff to submit an offer to the owner of the premises and agreed with the plaintiff that if plaintiff procured a lease for him upon acceptable terms he would rent the premises and if at that time he was aware of the fact that the plaintiff would thereby obtain a commission from the owner of the premises, he is liable in damages for the breach of his agreement with the plaintiff.  *James* v. *Home of the Sons and Daughters of. Israel,* 153 N. Y. Supp. 169, cited in *Parker* v. *Simon,* 231 N. Y. 503.  The mere fact that the plaintiff was employed by the owner to procure a lessee for the premises does not prevent the plaintiff from being also employed by this defendant to submit to the owner an offer for the premises.  In fact there can be no question in this case that the plaintiff was authorized by this defendant ·to submit to the owner an offer for the premises.  In fact there can be no question in this case that the plaintiff was authorized by this defendant to make an offer in his behalf.  The case is not one where a broker merely brings to a possible purchaser or lessee an offer to sell or lease on behalf of the owner to be accepted or refused by the proposed customer for in this case the broker was endeavoring to find property for sale or lease which would be satisfactory to this defendant and he was authorized to carry the offer of the defendant to the owner.  The defendant undoubtedly knew that the plaintiff was performing these services in the hope of profit and he also undoubtedly knew that ordinarily the broker looks to the owner for his commissions and that, therefore, the plaintiff would become entitled to the commissions from the owner if the defendant's offer to lease was accepted.  The defendant stated to the plaintiff ' if you can get that house for two years for $250 a month I will take it,' and under all the circumstances of the case this statement constituted not merely an offer to the owner but an employment of the plaintiff to act as his agent in carrying an offer to the owner and an express agreement with the defendant that if the offer is accepted, the defendant will enter into a contract for the property.  In my opinion the case can in no wise be distinguished from *James* v. *Home of the Sons and Daughters of Israel, supra,*

and the Court of Appeals in the case of *Parker* v. *Simon, supra,* seems to approve the reasoning of that case."

In the case at bar the evidence clearly established that the defendant agreed to take a lease of the property upon the terms agreed upon with the broker; that he employed him for that purpose; that he knew that if the deal went through the broker would receive commissions from the owner. Therefore, when the defendant broke his contract and refused to carry out his agreement to lease the plaintiff was entitled to recover damages for said breach which was the amount that he would have received from the owner if the defendant had performed.

We find no error in the case and the judgment appealed from should be affirmed, with costs.

Merrell, Finch and Martin, JJ., concur.

Judgment affirmed, with costs.