LOUIS STARR, INC., Plaintiff, *v.* ———— BLUMENTHAL,
Defendant.

Supreme Court, New York County, October 29, 1927.

**Brokers — real estate brokers — complaint in action for commissions against purchaser, which alleges employment, acceptance by vendor of terms and conditions, and willful refusal by defendant purchaser to comply, states cause of action.**

The plaintiff is a real estate broker and seeks to recover in this action commissions alleged to have been earned while acting for a purchaser of real property.   The complaint is sufficient which alleges that " the defendant requested and employed the plaintiff as broker to procure for him the purchase of the premises    *    *    * upon certain terms and conditions," that the plaintiff procured the owner of the property to accept the defendant's terms and conditions, and that the

defendant arbitrarily and wrongfully refused to consummate the sale on the terms proposed by him although the owner of the property was ready, willing and able to perform on his part.

MOTION by defendant to dismiss complaint.

*H., I. & L. Cohen,* for the plaintiff.

*Newgass, Nayfack & Waldheim,* for the defendant.

LEVY, J. The complaint, briefly summarized, alleges that defendant employed plaintiff as broker to procure for him the purchase of certain property; that the plaintiff, in reliance on the employment, did procure the owner of the property to accept the defendant's terms and conditions; that the latter at all times was well aware that the plaintiff was acting as broker, and would receive the usual commissions on the consummation of the sale, and that he arbitrarily and wrongfully refused to consummate the sale on the terms and conditions proposed by him, although the owner of the property was ready, able and willing to perform on his part — all to the plaintiff's damage in a specified sum.

It seems to me a good cause of action is stated. (*Pease & Elliman* v. *Gladwin Realty Co.,* 216 App. Div. 421.) Defendant attempts to distinguish that case, because here there is no allegation of an agreement on the defendant's part to purchase the premises, if the plaintiff was able to procure them upon the terms and conditions proposed. It appears to me, however, that the allegation that " the defendant requested and employed the plaintiff as broker to procure for him the purchase of the premises * * * upon certain terms and conditions " is instinct with such an agreement and obligation on the defendant's part.

The motion to dismiss the complaint is, therefore, denied, with ten dollars costs.