CHARLES SCHAFFER, Respondent, v. " PETER " DAVENO and Another, Appellants.— Motion for stay granted. Present — Lazansky, P. J., Young, Kapper, Hagarty and Seeger, JJ.

MARCUS TENENHAUS, Respondent, v. KATE GLAZER and " JOHN " GLAZER, etc., Appellants.— Motion to resettle order granted and order modified so as to provide that the motion to withdraw the appeal is granted, upon condition that appellants pay respondent thirty dollars costs. Present — Lazansky, P. J., Young, Kapper, Hagarty and Seeger, JJ.

JACOB ZWERIN, Appellant, v. ISAAC ABRAMOWITZ, Respondent.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied, without costs. Present — Lazansky, P. J., Young, Kapper, Hagarty and Seeger, JJ.

IRVING ADER, as Administrator with Limited Letters of the Estate of BERNARD ADER, Deceased, Respondent, v. MOLLY BLAU, Appellant, and HERMAN S. EMIL, Defendant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

CHARLES BECKER, Respondent, v. NEW YORK TELEPHONE COMPANY, Appellant.— Judgment and order reversed upon the law and the facts and a new trial granted, costs to appellant to abide the event, upon the ground that the verdict of the jury was against the weight of the evidence. Lazansky, P. J., Rich, Kapper and Seeger, JJ., concur; Carswell, J., dissents and votes to affirm.

CHARLES A. BERNAM and WILLIAM TYSON, Copartners, etc., and Others, Appellants, v. HARRY E. HECHT, Respondent.— Order reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The plaintiffs charge that defendant and Goelet Leasing Company have conspired to defeat the plaintiffs' claim. They are, therefore, entitled to a trial of the question as against both parties. ( *Pease & Elliman, Inc.*, v. *Gladwin Realty Co., Inc.*, 216 App. Div. 421.) Rich, Kapper and Seeger, JJ., concur; Lazansky, P. J., and Carswell, J., dissent and vote to affirm upon the ground that between the Goelet Leasing Company and the other parties to the action there was no relationship which required that the Goelet Leasing Company be made a party.

EDWARD J. BULLWINKEL, Respondent, v. FRANK M. FIROR, Appellant.— Judgment and order denying motion to set aside verdict unanimously affirmed, with costs. The record does not establish an illegal contract, as matter of law. Plaintiff's connection with the corporation was solely as the representative of Schott & Galliver. He owned no stock in and received no salary from the corporation. He was out of his titular capacity before defendant's election. The defendant's selection as president was solely that of the bankers' syndicate. If there were any doubt about it the defendant should have requested the court to submit the proposition to the jury. No such request was made and the charge was acceptable to the defense. We hold the foregoing without meaning to intimate that, in the circumstances, a finding, as matter of fact, that plaintiff's agreement with the defendant was void, could be regarded as supported by the evidence. Present — Lazansky, P. J., Rich, Kapper, Seeger and Carswell, JJ.