JOHN W. GOFF, Appellant, v. SAMUEL I. ADELSON, Respondent, and NORRIS CONSTRUCTION CORPORATION, Defendant.— Judgment and order affirmed, with costs. The contract of employment of plaintiff as a broker provided that his commission was to be paid only in the event of the closing of title. The claim that the proposed buyer was liable for the commission because of his failure to enter into a contract was determined adversely to the plaintiff by the jury upon the claim of the purchaser that the terms had not been accepted by him. We are of opinion that, in the absence of a hiring of plaintiff by defendant, respondent, there is no liability where the broker was employed by the owner to obtain a purchaser. Here, there was no proof of such hiring. Under such circumstances, even if defendant, respondent, agreed to the seller's terms and then refused to enter

into a formal contract, plaintiff would not be entitled to recover against said defendant. Lazansky, P. J., Rich, Kapper and Scudder, JJ., concur; Hagarty, J., dissents, with the following memorandum: I vote for a reversal and a new trial for errors in the court's charge at folios 327, 329, 338–339, and 341–342. I am of opinion that the court was in error in charging the jury that the defendant, respondent, was relieved from liability to the plaintiff broker if the jury found that under the plaintiff's retainer by the owner, his commissions were earned only in the event of the consummation of the deal. Under this charge, it cannot be said that any other claim made by the plaintiff was found adversely to him by the jury. The case was tried and submitted to the jury upon the theory of liability on the part of the defendant, respondent, in that he authorized the plaintiff to submit his terms to the owner, which terms were accepted. After this acceptance by the owner defendant, respondent, without just reason, refused to sign the contract of purchase. From this the jury might have found a breach of an implied contract on the part of defendant, respondent, to hire plaintiff as his agent, and for such breach defendant, respondent, could be held liable in damages notwithstanding the terms of plaintiff's prior contract of hiring with the owner. (*Parker* v. *Simon*, 231 N. Y. 503; *Mc Knight* v. *McGuire*, 117 Misc. 306; *James* v. *Home of Sons & Daughters of Israel*, 153 N. Y. Supp. 169 [App. Term, First Dept., May 13, 1915].)