ALLAN FOX COMPANY, INC., Appellant and Respondent,
  *v.* IGNATZ WOHL, Respondent and Appellant.

(Argued November 24, 1930; decided January 6, 1931.)

*Frederick W. Ritter* for plaintiff, appellant and respondent. The plaintiff was employed by the defendant. (*McKnight* v. *McGuire,* 117 Misc. Rep. 306; *Pease & Elliman, Inc.,* v. *Gladwin Realty Co.,* 216 App. Div. 421; *Parker* v. *Simon,* 231 N. Y. 503.) The defendant agreed with the plaintiff that he would carry out the principal contract to exchange properties. (*Parker* v. *Simon,* 231 N. Y. 503; *Pease & Elliman, Inc.,* v. *Gladwin Realty Co.,* 216 App. Div. 421; *McKnight* v. *McGuire,* 117 Misc. Rep. 306; *Starr* v. *Blumenthal,* 132 Misc. Rep. 222; *Arndt* v. *Miller, Daybill & Co.,* 48 Misc. Rep. 612; *James* v. *Home of Sons & Daughters of Israel,* 153 N. Y. Supp. 169; *Niesen* v. *Galewski,* 211 App. Div. 858; 240 N. Y. 652; *Windman* v. *Bulkowstein,* 168 N. Y. Supp. 57.) The second cause of action was sufficient in law, and the Appellate Division erred in dismissing it. (*Mulhall* v. *Bradley & Currier Co.,* 50 App. Div. 179; *Hevia* v. *Wheelock,* 162 App. Div. 759; *Windman* v. *Bulkowstein,* 168 N. Y. Supp. 57; *Calkins* v. *Woolworth Co.,* 27 Fed. Rep. [2d] 314; *Eichenbaum* v. *Taxicab Ind. Owners Auto Mut. Cas. Co.,* 135 Misc. Rep. 339; *Morgan* v. *Whatley & Whatley,* 205 Ala. 170; *Eells Bros.* v. *Parsons,* 109 N. W. Rep. 1098; *Brawner* v. *Cumbie,* 264 S. W. Rep. 497; The amendment of the verdict by the trial court was proper. (*Hodgkins* v. *Mead,* 119 N. Y. 166; *Amory* v. *Washington Steamboat Co.,* 120 App. Div. 818; *Isbell-Porter Co.* v. *Braker,* 120 App. Div. 384.)

*Alexander Pfeiffer* and *Jesse H. Barkin* for defendant, respondent and appellant. The second cause of action was insufficient in law and was properly dismissed by the

Appellate Division. (*Parker* v. *Simon*, 231 N. Y. 503; *Mulhall* v. *Bradley & Currier Co.*, 50 App. Div. 179; *Hevia* v. *Wheelock*, 162 App. Div. 759; *Windman* v. *Bulkowstein*, 168 N. Y. Supp. 57; *Eichenbaum* v. *Taxicab Ind. Owners Auto Mut. Cas. Co.*, 135 Misc. Rep. 339; *Pease & Elliman, Inc.*, v. *Gladwin Realty Co.*, 216 App. Div. 421; *James* v. *Sons & Daughters of Israel*, 153 N. Y. Supp. 169; *McKnight* v. *McGuire*, 117 Misc. Rep. 306.) The amendment of the verdict by the trial court was improper and constituted reversible error. (*Amory* v. *Washington Steamboat Co.*, 120 App. Div. 818; *Isbell-Porter Co.* v. *Braker*, 120 App. Div. 384.)

POUND, J. The complaint states two causes of action. The first is for $2,500, brokerage commissions of five per cent on a valuation of $50,000 earned by plaintiff by procuring a purchaser of defendant's real property on an exchange basis under contract of May 19, 1928. The second is for damages in the sum of $7,350, for loss of commissions which plaintiff would have earned with the knowledge and approval of defendant from William Klein for obtaining a purchaser of his property on an exchange basis. The evidence establishes that plaintiff brought defendant and Klein together to exchange their properties on agreed terms and performed all the conditions of his employment and that defendant refused to complete the agreement.

The jury rendered a sealed verdict in which they said: " We find a verdict for the plaintiff," without stating the amount. The plaintiff immediately when the verdict was handed up made a motion to correct it by adding the amount demanded by the plaintiff, viz., $9,850, with interest. The motion was granted, over defendants' objection and exception. The Appellate Division modified the judgment entered thereon by reducing the amount thereof to $2,500, dismissed the second cause of action and held that the correction of the verdict was not error

since the amounts sued on were liquidated and the plaintiff was entitled to recover the full amount or nothing.

The defendant's appeal challenges the power of the court to correct the verdict. The court submitted to the jury the issues of bad faith and meeting of minds and said that plaintiff asked for a total sum of $9,850, and that if plaintiff failed to make out his case by a fair preponderance of the evidence the defendant should have a verdict. He did not charge that plaintiff might recover on one or both of the causes of action nor was he requested separately to submit the two causes of action. The defendant did not move to set aside the verdict on this ground nor ask for a resubmission of the case to the jury as he might have done (*Porrett* v. *City of New York*, 252 N. Y. 208), but chose to stand on the technical defect in the verdict. An amendment to the verdict is an incident of the trial. (*Urband* v. *Lubell*, 245 N. Y. 156, 158.) The court had power to correct the formal defect, to "work it (the verdict) into form and make it serve." (*Foster* v. *Jackson*, Hobart, 54a; Civ. Prac. Act, § 105; *Hodgkins* v. *Mead*, 119 N. Y. 166.) The court below dealt properly with the question.

As to the question raised by the plaintiff's appeal the decisions are not in accord. It has been held that, when the broker is justified, as in this case, in arranging for a double commission (*Knauss* v. *Krueger Brewing Co.*, 142 N. Y. 70), the owner by employing the broker to bring about the exchange of lands, impliedly agreed that he would carry out the contract negotiated with the third party so as to enable the broker to earn his commissions and that an action will lie for damages for the owner's refusal to carry out such agreement. (*James* v. *Home of Sons & Daughters of Israel*, [App. Term] 153 N. Y. Supp. 169.) This case was cited and distinguished but not approved or disapproved by this court in *Parker* v. *Simon* (231 N. Y. 503, 507). To the same effect are *Pease & Elliman, Inc.*, v. *Gladwin Realty Co., Inc.* (216 App. Div. 421);

*McKnight* v. *McGuire* (117 Misc. Rep. 306) and *Starr, Inc.*, v. *Blumenthal* (132 Misc. Rep. 222). These cases rest on the proposition that a broker who performs services in submitting an offer of exchange at the request of one party and negotiating between the parties until he has brought them to a complete verbal agreement is entitled to recover as a direct result of the breach of the contract his entire loss of commissions on both sides from the party who withdraws from the transaction without legal cause.

On the other hand, on what appears to be the weightier reasoning, it has been held that no recovery may be had for the commissions which the broker would have earned from the third party if the exchange had gone through. These decisions rest on the following basis: The broker makes no contract with the owner whereby the owner agrees to exchange his property for the broker's benefit. Consequently there has been no breach of any such contract. The only contract between the broker and the owner is the contract to find a party who will take it in exchange for other property. The only breach of that contract is the failure to pay the broker the commissions earned from the employer. Parties contract with a view of carrying out their contracts, not breaking them. They are liable only for the natural consequences of their default. Double commissions are not the natural or probable consequence of a brokerage exchange contract and are not, generally speaking, within the contemplation of the parties when a simple brokerage contract is made. Willingness that the broker might earn double commissions afterward expressed implies no obligation to pay such commissions. (*Mulhall* v. *Bradley & Currier Co.*, 50 App. Div. 179; *Calkins* v. *Woolworth Co.*, 27 Fed. Rep. [2d] 314, 318; *Windman* v. *Bulkowstein*, 168 N. Y. Supp. 57; *Niesen* v. *Galewski*, 211 App. Div. 858; affd., 240 N. Y. 652; *Goff* v. *Adelson*, 229 App. Div. 802; *Eichenbaum* v. *Taxicab, etc., Co.*, 135 Misc. Rep. 339).

The claim is made in this case that defendant *expressly* agreed with plaintiff on or about May 23, 1928, to carry out the contract of exchange with Klein so as to enable plaintiff to earn his commissions. The complaint was amended on the trial so to allege in substance. We see nothing in the evidence which takes the case out of the usual contract of employment. But one such contract between plaintiff and defendant was pleaded or proved. The jury might have found that after that was entered into defendant said to plaintiff, which then represented Klein as broker for the *sale* of other property, that if plaintiff got the deal through for an exchange he was ready to take such property and told him to go out and get that proposition and he would take the property; that there was a chance for the broker to earn double commissions. This was the ordinary talk between broker and customer as to a desirable prospect. Plaintiff came to defendant with an acceptable proposition. It does not indicate that the minds of the parties at any time met on an independent contract that defendant would consummate the exchange so as to permit plaintiff to earn his commissions or that defendant would become liable therefor if the deal fell through by his fault. The conversation was a mere incident of the broker's employment.

We have, therefore, a case where the defendant had agreed to pay plaintiff commissions on the agreed value of his own property; where he had not agreed, expressly or impliedly, to pay the commissions which the broker might receive from the other party if a deal went through; where the evidence does not disclose that the parties, when they entered into the brokerage contract, had in mind and contracted with reference to such commissions; and where such loss of profits was not the natural, certain or direct consequence of the breach. In such case there can be no liability for damages for the loss of commissions

from the third party. (*Hadley* v. *Baxendale*, 9 Exch. 341; *Devlin* v. *Mayor, etc., of City of New York*, 63 N. Y. 8, 25; *Howard* v. *Stillwell & Bierce Mfg. Co.*, 139 U. S. 199, 206.) The second cause of action was properly dismissed.

The judgment should be affirmed, without costs.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.