LOOMIS J. GROSSMAN and Another, Respondents, *v.* JOSEPH HERMAN and Another, Appellants.

First Department, April 6, 1934.

*Stanley S. Groggins* of counsel [*Schneider & Groggins,* attorneys], for the appellants.

*Hugo Levy* of counsel [*Jesse H. Barkin* with him on the brief, attorney], for the respondents.

MARTIN, J. By this appeal the defendants present for review a judgment obtained against them by the plaintiffs who were engaged in business as real estate brokers.

The first cause of action alleges that defendants employed the plaintiffs to bring about the sale of certain real property known as No. 860 Eighth avenue, borough of Manhattan, city of New York; that in the event the defendants purchased the property the plaintiffs would receive from the owners the customary commissions. It also sets forth that the plaintiffs procured the consent and approval of the owners of the property to sell it on terms and conditions which were satisfactory to the defendants; that although the terms were agreed upon by the defendants and the owners the defendants failed and refused to purchase the property; that the plaintiffs were, therefore, prevented from earning and being paid by the owners of the property $3,175 for commissions.

In the second cause of action the plaintiffs seek to recover commissions alleged to have been earned by plaintiffs in subleasing certain property known as No. 843 Eighth avenue, borough of Manhattan, city of New York, at that time under lease by defendants. The answer of defendants is a general denial. The jury rendered a verdict for the plaintiffs on the first, and a verdict for the defendants on the second cause of action.

The defendants assert that the two alleged transactions with the brokers were in fact but one transaction, based on an offer to sell the property to them, made by the plaintiffs on behalf of the owner and which included a proposition for the purchase from the defendants of a lease they held on certain property.

The testimony discloses that one of the plaintiffs, Loomis Grossman, a real estate broker, first approached the defendants with the proposition of selling premises No. 860 Eighth avenue, borough of Manhattan. The defendants said they were not interested in the purchase, and for some months thereafter negotiations followed with respect to the leasing of the premises. These negotiations were unsuccessful. The defendants then considered purchasing the property. A proposed agreement to sell was drawn up, but the sale did not materialize, with the result that this suit was brought against the defendants for the commissions.

The plaintiffs say that the negotiations leading up to the agreement to purchase began when the defendants agreed to purchase

instead of lease, and that since the proposition began with the defendants, and the owners were willing to accept that proposition, they have established their right to a recovery in this action based upon the failure of the defendants to carry out the agreement with the plaintiffs.

It is the contention of the defendants that they agreed to purchase the property in question upon terms which were conditioned upon the purchase from them of a lease they held on a store located at No. 843 Eighth avenue; that the plaintiffs were to first dispose of that lease on terms satisfactory to the defendants, that they were unable to do so because the prospective purchaser refused to furnish the security desired by the defendants in connection with the purchase of the lease. The defendants also contend that since the plaintiffs were originally retained by the owners of the property at No. 860 Eighth avenue to sell that property, they were thereafter at all times the agents of the owners of the property and must look to their principals, the owners, for their commissions; that they cannot hold a prospective purchaser for damages based on the breach of the agreement to purchase.

In the testimony and the bill of particulars it is stated that the plaintiffs were first retained by the owners of the property to *sell*, for which services the owners agreed to pay the usual commission. The record substantiates the claim that when the plaintiff Grossman suggested to the defendants the idea of buying the property the defendants said they were not interested. The defendants spoke of leasing, and negotiations toward the leasing were continued for some months. Thereafter the proposition to sell was revived. The plaintiffs on that state of facts argue that the offer came from the defendants. The defendants say that having once been hired by the owners of the property as agents to sell, the plaintiffs remained the agents of the owners and although the defendants did submit counter propositions with respect to the sale they never employed the plaintiffs as agents for the sale of the property, and that they were never obligated to pay a commission.

The plaintiffs rely upon the case of *Pease & Elliman, Inc.*, v. *Gladwin Realty Co., Inc.* (216 App. Div. 421). There the plaintiff was employed by the defendant to induce the owner of the property to purchase the leasehold and cancel it and then give directly to the defendant a new lease upon certain terms. The owner accepted the terms but the defendant refused to carry it out and the plaintiff recovered in an action for commissions.

There is no force to the argument that the employment of the plaintiffs as brokers by the owners to sell the property in the summer of 1929 is too remote from the alleged agreement of sale entered

into the following spring to be a continuing contract between the parties when they were actually working to carry out that employment.

The intervening negotiations for the lease of the property did not conclude or in any manner destroy the relationship of the plaintiffs to the owners as brokers for the sale of the property. They remained such during all the negotiations and were the brokers for ·the owners at all times for the *sale* of the property, even though attempting for many months to lease the property to the defendants.

Where a plaintiff is employed as a broker to sell, he must look for his compensation to the party with whom he made the contract and by whom he was employed. If a broker is to be permitted to resort to the practice here followed, any one to whom he endeavors to sell a piece of property who makes a counter-offer would be liable for damages if the owner accepted and the sale was not thereafter consummated.

The plaintiffs' difficulty, however, is that there is no basis for any such cause of action because there was no contractual relation between the parties upon which any such recovery may be founded. The plaintiff in such a case is the agent of the seller, his employment is by the seller and he must look to him alone for his compensation. Otherwise a prospective buyer would be at the mercy of the seller and the broker.

Although the plaintiffs may have proved employment by the sellers or owners there is no evidence in the case showing an employment by the defendants. It is the duty of the broker to represent his client and to obtain for him the best possible terms. If he is employed by the buyer, he cannot represent the seller. He cannot work for two adverse interests at the same time, nor honestly endeavor to obtain the best possible price for the seller when he is obligated to secure the property for the buyer at the lowest possible price. The wisdom of that rule has been demonstrated by the adoption in the code of ethics of the National Association of Real Estate Brokers (Part III, relations to customers and the public), article 28 of which provides that a realtor when acting as a broker should make it clear for which party he is acting, and he should not receive compensation from more than one party except with the full knowledge and consent of all parties to the transaction.

The claim of the plaintiffs that they obtained a customer ready, able and willing to buy the lease of No. 843 Eighth avenue, was rejected by the jury. In view of the documentary proof, that conclusion was not only correct but the jury should have found that the two alleged transactions were in fact based on each other.

The written proof prepared at a time when there was no thought of litigation evidently gives the true story and shows that the success of one transaction depended upon the success of the other. It is quite clear that the defendants did not intend to buy property for use as a store until they were first successful in disposing of the lease on which they were obligated. Assuming that the story told by the plaintiffs was true, they are not entitled to recover.

In *Fox Co.* v. *Wohl* (255 N. Y. 268) the law on this subject appears to have been settled. The court there said: " On the other hand, on what appears to be the weightier reasoning, it has been held that no recovery may be had for the commissions which the broker would have earned from the third party if the exchange had gone through. These decisions rest on the following basis: The broker makes no contract with the owner whereby the owner agrees to exchange his property for the broker's benefit. Consequently there has been no breach of any such contract. The only contract between the broker and the owner is the contract to find a party who will take it in exchange for other property. The only breach of that contract is the failure to pay the broker the commissions earned from the employer."

It would serve no useful purpose to attempt to reconcile the numerous cases cited on this subject. In some cases there were separate employments by the defendant, which was known to the plaintiff, and no adverse interests were to be served. Other cases involved an exchange of properties and several included an exchange where each party agreed to pay a part of the commission.

We are here confronted with the simple proposition that a real estate broker was employed to sell a piece of property, and some time thereafter offered it to a prospective customer who made a counter offer, which counter offer is said to have been accepted by the prospective seller and the prospective customer ultimately failed to buy the property. The broker now attempts to hold the prospective customer for damages measured by the commissions that he would have earned if the sale had been closed.

We believe that the judgment for the plaintiffs is wrong and should be reversed, with costs, and the complaint dismissed, with costs.

FINCH, P. J., TOWNLEY and GLENNON, JJ., concur; O'MALLEY, J., dissents, and votes for affirmance.

O'MALLEY, J. (dissenting). A reversal here necessarily requires the disapproval and overruling of our decision in *Pease & Elliman, Inc.,* v. *Gladwin Realty Co., Inc.* (216 App. Div. 421), which is not distinguishable on the facts or in principle. This should

not be done unless we are fully convinced that the Court of Appeals has itself entirely disapproved of the rule enunciated therein and the authorities on which it was based by its recent decision in *Fox Co.* v. *Wohl* (255 N. Y. 268). Especially is this true since the rule of *Pease & Elliman, Inc.,* v. *Gladwin Realty Co., Inc. (supra)*, has been recognized and applied in this department since it was first enunciated in *James* v. *Home of Sons and Daughters of Israel* (153 N. Y. Supp. 169 [1915]), followed in *McKnight* v. *McGuire* (117 Misc. 306 [1921]), and finally recognized by this court in *Pease & Elliman, Inc.,* v. *Gladwin Realty Co., Inc. (supra* [1926]). The Court of Appeals in *Parker* v. *Simon* (231 N. Y. 503) did not criticise this line of authorities, citing *James* v. *Home of Sons and Daughters of Israel (supra)*, but sought rather to distinguish them. In *Fox Co.* v. *Wohl (supra)* the *Pease & Elliman* decision and the cases upon which it was based were regarded as " exchange " cases, which they were not. If *Fox Co.* v. *Wohl (supra)* is not to be confined to " exchange " cases merely, but taken as overruling the *Pease & Elliman* case entirely, a clear expression of such an intent should be given by the court of last resort. I find no such expression contained in the opinion.

I, therefore, vote for affirmance of the judgment.

Judgment reversed, with costs, and complaint dismissed, with costs.