Oweu McGtveret, J.
After a rereading of my trial notes of this somewhat protracted trial, I have, after also some reflection and study, decided I have no other alternative but to grant the defendant’s motion to dismiss the complaint, and without reference to the jury, direct a verdict in favor of the defendant.
I arrive at this conclusion with reluctance, realizing that the trial has been a long one, hardly and cleanly fought by two experienced advocates who have performed their difficult task in accordance with the highest standards of trial skill. But I *983 find myself utterly unable to frame a question of fact for the jury that squares either with logic, the law or my conscience.
By section 344-a of the Civil Practice Act it is incumbent on the court to determine the law of Cuba appertaining to the facts of this case. In the light of the law of Cuba as I determine it to be, there were various and cumulative impediments to quiet enjoyment of title, which together constituted valid reason for the defendant’s refusal to go forward. I find that the law of Cuba takes cognizance of “ forced heirs ”, or heirs by force of law, and that such heirs may assert their claims against a will leaving property to voluntary heirs at any time within five years after probate, and until the title to such property is “ consolidated ” by the lapse of five years it is subject to attack by a ‘ ‘ forced heir ’ ’.
I further find that the building as purportedly offered by the lessors ran afoul of various municipal ordinances with respect to ceiling heights, mezzanine floor coverage, lot coverage and overhangings of balconies. Nor is it clear that the ground owners were unreservedly committed to yield whatever reserved rights they retained in their lease with Immobiliaria, a cession that would be necessary before the defendant could have complete possession of the demised premises.
It is my conclusion as a matter of law that the defendant did not have to accept the lease in question before the expiration of the five-year period and thus expose itself to the possibility of unknown contingencies, nor did it have to accept the assurances of the lessors that the Havana authorities would tailor their laws to suit the defendant’s needs. In the face of such legal obstacles, the defendants were justified in refusing to enter into the lease before us.
Although the court takes a dim view of the alleged hiring and regards the evidence in support of it as tenuous in the extreme, nevertheless even giving it a favorable view, the plaintiff was clearly never requested to assist the defendant in acquiring a defeasible leasehold subject to claims and exposed to the possibility of litigation. This is particularly so in the case at bar, where the lease involved a long term of years and entailed the expenditure of a vast sum of money.
Ruling thus, it follows that no blame may attach to the defendant for so refusing to enter into a lease with respect to property in a foreign country and subject to such deficiencies. Having so concluded, I find myself unable to pose a question of fact for the jury, for once the defendant had a valid reason for refusing to lease, it is exculpated from any obligation, if any existed *984 at that point, to the broker. In this connection it is to be noted that as late as May, 1955, the parties were still unable to agree to the terras of a “memorandum of understanding” intended to set forth the provisions of a proposed lease.
Accordingly, I grant the defendant’s motion to dismiss the plaintiff’s complaint, and a verdict in favor of the defendant is directed.
As a postscript, I add the observation that the foregoing was arrived at with full knowledge of certain cases cited by the plaintiff, to wit, Knapp v. Wallace (41 N. Y. 477) and Pease & Elliman v. Gladwin Realty Co. (216 App. Div. 421). It is the belief of this court that the decision above rendered is in accord with the cases of Fox Co. v. Wohl (255 N. Y. 268); Grossman v. Herman (240 App. Div. 525, affd. 266 N. Y. 249) and Thoens v. Kennedy Realty Corp. (279 App. Div. 216).