Miles F. McDonald, J.
Motion pursuant to rule 106 of the Rules of Civil Practice, for an order dismissing the complaint herein on the ground that it appears on the face thereof that the complaint does not state facts sufficient to constitute a cause of action.
The first cause of action in the complaint alleges that the plaintiffs, as real estate brokers, were employed by a third party (the owner of real property known as 7005 Shore Road, Brooklyn, New York) to sell the same upon certain terms, and that in pursuance of their employment by said third party they offered the property for sale to the defendant. It further appears from a reading of the complaint that the defendant rejected the proposition but made a counteroffer upon terms more favorable to him and delivered to the plaintiffs a check for the sum of $1,000 as earnest money on the proposed contract. The owner of the property thereafter agreed to accept the offer of the defendant. Subsequently the defendant refused to complete the contract and the plaintiffs now claim that such refusal deprived them of their lawful commissions, to their damage in the sum of $14,250, for which they demand judgment against the defendant. There is no allegation in the first cause of action of employment of the plaintiffs by the defendant.
The second cause of action is based upon the theory that solely by virtue of the counteroffer having been made by the defendant to the plaintiffs, the plaintiffs ipso facto became engaged by the defendant to perform work, labor and services *352 upon defendant’s behalf and that, therefore, the defendant became responsible for the payment of commissions by reason of his failure to execute the contract of sale after the seller had accepted the defendant’s proposal.
The pertinent clause of the second cause of action reads as follows: “ Eleventh : That the defendant, by virtue of having made the offer to purchase the said premises, as hereinabove stated, at a purchase price of Five Hundred Thousand and 00/100 ($500,000.00) Dollars engaged the plaintiffs to perform work, labor and services on behalf of the defendant, and that by virtue thereof, the plaintiffs would have become entitled to receive a commission in the sum of Fourteen Thousand Two Hundred Fifty and 00/100 ($14,250.00) Dollars.”
It is to be noted that there is no direct allegation by the plaintiffs that the defendant employed the plaintiffs but merely an allegation that the counter offer of the defendant is in effect an implied contract of employment. This allegation adds nothing to the plaintiffs’ cause of action unless the counter offer be construed to constitute an employment as a matter of law. The courts have repeatedly held that a prospective purchaser is not liable for the payment of brokerage commissions unless he employed the broker, and the making by a purchaser of a counter offer to a seller’s demand raises no implication of employment.
In Grossman v. Herman (266 N. Y. 249, 252, 253) the court stated: “ When, as in the case before us, the complaint alleges an employment of plaintiffs by defendants as prospective purchasers, the right to recovery must depend upon proof of such allegations. There must be an existing contract between the plaintiffs and defendants which the latter had broken with resulting liability for damages. (Parker v. Simon, 231 N. Y. 503, 508.) * * * The question of law is reduced to this proposition: Is a prospective purchaser liable for commissions to a broker employed by the owner when the prospective purchaser fails to carry out an oral acceptance of an offer made by that broker? There can be no such liability unless the prospect employed the broker. * * * If the broker is not employed, he takes his chances in respect to a consummation of pending negotiations and unless he definitely brings the parties together to such an extent that the prospective purchaser is bound, his services are rendered without right to compensation. Otherwise, every conditional offer or tentative acceptance by a prospect would result in a contract of employment. * * * It does not appear that defendants had agreed, expressly or impliedly, to pay commissions or that the parties ever con *353 tracted with reference to commissions or even contracted at all.” (See, also, Goff v. Adelson, 229 App. Div. 802; Parker v. Simon, 231 N. Y. 503; Hokar Prods. Corp. v. Griscom & Co., 40 N. Y. S. 2d 54.)
The decision in James v. Home of Sons & Daughters of Israel (153 N. Y. S. 169) on which the plaintiffs rely, is readily distinguishable for in that case the defendant instituted the negotiations through the plaintiff broker and then, after an accord was reached, purchased the property through another broker who had agreed to donate his commissions as a charitable contribution to the defendant. In McKnight v. McGuire (117 Misc. 306) upon which the plaintiffs place great reliance, there was direct evidence of an initial hiring of the plaintiff by the defendant. It is also to be noted that the learned Judge who wrote the opinion in the Appellate Term in this case in 1921 was one of the Justices of the Court of Appeals who concurred in the opinion of Judge O’Brien in Grossman v. Herman (supra) in 1935, and although the decision of Judge Lehman was cited in appellant’s brief in that case the ruling there was not adopted nor ever referred to by the Court of Appeals.
Accordingly, the motion to dismiss the complaint for insufficiency is granted, with leave to the plaintiffs, if they be so advised, to serve an amended complaint within 20 days after service of a copy of the order to be entered herein with notice of entry thereof.
Settle order.