Louis L. Friedman, J.
Defendant moves to dismiss plaintiffs’ amended complaint for insufficiency pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice. Tbe original complaint was attacked by motion to dismiss, and was dismissed by another Justice of this court, because of insufficiency. (13 Misc 2d 350.)
Plaintiffs are licensed real estate brokers who sue to recover the amount of commissions they would have earned if the defendant, the prospective purchaser of the property referred to in the complaint, had not withdrawn from the transaction after the seller had accepted the said purchaser’s oral offer of purchase.
The complaint, in substance, alleges that prior to January 10, 1958, plaintiffs were engaged by the fee owners of a parcel of real estate described in the complaint, to sell their property by procuring a purchaser thereof, and that the said fee owners for the services to be rendered by the plaintiffs, agreed to pay them the usual commissions therefor. The complaint further alleges that the said property was offered for sale to the defendant herein on or about January 10,1958 upon specific terms and that instead of accepting said terms, defendant made a counteroffer *101 to purchase the said property at a price other than that specified by the plaintiffs.
The pertinent language of the complaint describing the defendant ’s proposal reads as follows: “ That thereafter, on or about the 10th day of January, 1958, the defendant duly employed the plaintiffs to obtain for him the purchase of said premises * * * [price and terms] * * * and duly tendered to the plaintiffs * * * check in the sum of * * * $1000 as a deposit to be given to the owner if the plaintiffs could effect a purchase of the said premises under the terms and conditions under which the defendant employed the plaintiffs.” (Emphasis supplied.) The next succeeding paragraph alleges thqt “ it was understood and agreed that if the plaintiffs would obtain the same [the purchase of said premises], they should obtain their lawful commission * * * from the owners * * *.”
Plaintiffs allege performance of “ the said agreement ” and that they “ duly obtained the consent'of the owners of the said property to sell the same .to the defendant upon the terms which the defendant engaged the plaintiffs to obtain said building for him.” (Emphasis supplied.)
It is a general rule of law that a broker ‘ ‘ is entitled to' no commission from a buyer unless the buyer has employed him and agreed, expressly or impliedly, to pay compensation for his services.” (Lee v. Woodward, 259 N. Y. 149, 150; Hokar Prods. Corp. v. Griscom & Co., 40 N. Y. S. 2d 54; Goff v. Adelson, 229 App. Div. 802.)
While according the complaint every fair and reasonable intendment, the court may not under the guise of liberal construction overlook matters of substance. (Didier v. Macfadden Pub., 299 N. Y. 49.) The court may not infer material and necessary facts from conclusory allegations of law. (Prouty v. Nichols, 123 N. Y. S. 2d 789, affd. 282 App. Div. 962.) It must also be borne in mind that the clear mandate of the statute requires that a pleading contain a plain and concise statement of material facts on which the party pleading relies. (Civ. Prae. Act, § 241.) The foregoing “ requirement is not satisfied, however, by conclusory statements.” See Kalmanash v. Smith (291 N. Y. 142, 153), where the court said: “ These rules grew out of an apparent purpose, in the interest of fairness and dispatch, to establish a system of pleading within our jurisdiction which would require of a party that he state his case in such a manner that vagueness is avoided; that an opponent may be informed of the facts to which he must plead and which he must be prepared to meet upon a trial, without the risk of surprise by some unforeseen construction of an obscure pleading.”
*102 Bouvier’s Law Dictionary defines the word ‘£ employment ” as £ £ The act of doing a thing, and the being under contract or orders to do it.” Since it is not a technical word it “ must be construed according to the context and the approved usage of the language.” (20 C. J. 1245.)
The allegation by the plaintiff that ‘£ the defendant duly employed the plaintiffs ” is not supported by any allegation of fact and is a mere conclusion. The alleged purpose of the claimed employment of the plaintiffs by defendant, as set forth in the complaint, was to obtain the property for the defendant at a price which was slightly less than that for which it had been offeréd to.defendant by plaintiffs as agents of the then fee owner of the property. Plaintiffs could not undertake employment by the defendant under such circumstances since they were under a duty to the owners in furtherance of their agency to represent the owners as clients and ££ to obtain for him [the owners] the best possible terms.” (Grossman v. Herman, 240 App. Div. 525, 528, affd. 266 N. Y. 249.) The complaint herein which contains no allegations of fact from which the contract of employment may be spelled out but which rests upon allegations such as “was employed”, it was “understood and agreed”, fails to contain allegations which show the existence of an £ 1 independent contract for a valuable consideration by which defendant became liable for the payment to plaintiff of his compensation and, therefore, liable for damages for breach of contract.” (Parker v. Simon, 231 N. Y. 503; see, also, Giovannoni v. Waple & James, 105 F. 2d 108, 110.)
This cause of action against the prospective purchaser of the property may not be sustained because a contrary holding would render every prospective purchaser of property who offers to purchase same upon terms other than those upon which the seller offers to make the sale, liable for a broker’s commission. Such an offer to purchase upon different terms may not be construed as resulting in a contract of employment of the broker. (See Grossman v. Herman, 240 App. Div. 525, 528, affd. 266 N. Y. 249.)
On the basis of the foregoing the complaint is dismissed. Since the facts fall short of alleging a cause of action and in any event defendant would be entitled to judgment upon the pleadings, no leave to serve a second amended complaint will be granted.
Settle order on notice.