58 N.J. Super. 398 (1959)
156 A.2d 289
TANNER ASSOCIATES, INC., A NEW JERSEY CORPORATION, PLAINTIFF,
v.
JOSEPH R. CIRALDO AND ALFRED CIRALDO, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided December 2, 1959.
*400 Mr. Eugene P. Kenny, attorney for plaintiff.
Messrs. Werksman, Saffron and Cohen (Mr. Samuel Saffron, appearing), attorneys for defendants.
MASUCCI, J.C.C. (temporarily assigned).
This motion involves an application for an order to quash the writ of attachment issued in the above cause on the ground that the factual basis on which said writ was issued does not constitute a cause of action.
The action is based upon a claim by the plaintiff, a real estate broker, for commissions which he lost because of the defendant's breach of contract for the purchase of property. The sale was negotiated by the plaintiff and the contract contained a provision that the seller, not the defendant herein, agreed to pay to the plaintiff a designated commission upon closing of title and payment of the consideration by the defendant. In addition, the plaintiff alleges that the defendant engaged it to seek property suitable for one-family developments. However, there is no contention that the defendant agreed to pay the plaintiff any compensation or commission for procuring this property.
It is contended, and correctly so, that an oral contract with a prospective purchaser to act as broker does not come within the statute of frauds. However, the claimed engagement of plaintiff by the defendants does not reach the status of a contract; at most it is a request, giving the broker an opportunity to find acceptable property and be paid a commission by the seller. The prospective purchasers undertake no obligation to either purchase or pay the broker any compensation or commit themselves to any binding obligations whatever.
It is next contended that a real estate broker employed by a purchaser to find suitable property and who succeeds in doing so to the extent that the seller and purchaser enter into a binding contract of sale and purchase, may sue the purchaser who refuses, without valid reason, to carry out *401 his contract to purchase, for the loss of commission which the seller had agreed to pay the broker for negotiating the sale.
In support of this novel contention the plaintiff cites two New York and one Washington case. McKnight v. M'Guire, 117 Misc. 306, 191 N.Y.S. 323 (Sup. App. T. 1921); James v. Home of Sons and Daughters of Israel, 153 N.Y.S. 169 (Sup. App. T. 1915); Livermore v. Crane, 26 Wash. 529, 67 P. 221, 57 L.R.A. 401 (Sup. Ct. 1901). No New Jersey cases are cited and none is to be found.
With due respect to the cited authorities, I cannot agree with the principles therein stated. In the first place, there is no privity of contract between the plaintiff and defendants. True, they are all mentioned in and are parties to the contract mentioned. However, there is no obligation or contractual obligation or undertaking by either of the parties to this suit to the other. The provision between the seller and the plaintiff is a separate and distinct undertaking between themselves which these defendants did not agree to, and they were probably not consulted about or concerned with it. It easily could have been and probably should have been a separate and distinct document.
There was no undertaking on the part of the defendants to pay the plaintiffs in the event they lost the commission which the sellers agreed to pay by reason of breach of contract by these defendants. No such obligation can be implied. Generally, where a person renders services at the request of another without any direct or express stipulation for payment, there arises by implication of law an implied promise for payment of a reasonable compensation for such services, because such payment would naturally be expected. However, in the instant case the plaintiff does not sue for reasonable value of services rendered on any such theory. Even if it did, the action of the parties in providing for payment for services by the seller and general custom lead conclusively to a contrary inference.
*402 Assuming that the plaintiff did lose its commission by reason of the defendants' breach of contract, the plaintiff voluntarily agreed that such commission should be paid by the sellers and voluntarily agreed that the commission would neither be earned nor payable except upon certain conditions which did not eventuate.
The plaintiff corporation voluntarily made and agreed to the contract. The court should not make a new contract for it or imply new terms not contemplated by the parties or impose additional burdens upon the defendants which they neither contracted for nor were parties to. They could only be held to have contemplated the natural and proximate damages flowing to the seller by reason of any breach by them and not to a third party as to whom they assumed no obligation.
The motion is granted for the reasons stated.