## ARNDT et al. v. MILLER, DAYBILL & CO.

(Supreme Court, Appellate Term. November 10, 1905.)

INSURANCE—AGENTS—COMPENSATION—LIABILITY OF INSURED.

One who employs an insurance broker to obtain insurance does not thereby incur any liability to pay the broker commissions as such, but at most impliedly agrees to accept the insurance when procured and pay the premiums thereon, and thus enable the broker to earn his commissions from the insurance company, and in case of a breach of such agreement the broker's action, if any, is for damages for precluding him from earning the commissions, and not for the commissions themselves.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, §§ 111, 131.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Abraham Arndt and others against Miller, Daybill & Co. From a judgment for defendants, plaintiffs appeal. Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGER-ALD, JJ.

Mayer & Gilbert, for appellants.
Eidlitz & Hulse, for respondents.

SCOTT, P. J. I cannot see any theory upon which the plaintiffs could recover a judgment in this action, which, as orally pleaded, is for "commissions"; and their whole case is based upon the assumption that in some way the defendant, by employing them to obtain insurance, incurred an obligation to make compensation for the service by paying commission to the plaintiffs. The evidence clearly shows that defendants assumed no such liability. Their only liability was to the insurance company, and it was limited to the payment of the agreed premium. According to the custom of the business, as testified to by plaintiff Arndt, the broker's compensation in such cases comes from the insurance company in the shape of a percentage upon the premiums paid. There was absolutely no agreement, express or implied, that defendants should pay plaintiffs anything at all qua commissions. All that the defendants were required to do was to pay the premium specified in the policy. That was to be paid to the company, or to plaintiffs as collectors for the company. What arrangement the plaintiffs might make with the company as to the retention of a portion of the premiums for influencing the business was no concern of the defendant.

If this action proceeded, as it appears to have done, on some theory that defendant had agreed to pay plaintiffs something by way of commissions for procuring the insurance, the complaint was rightly dismissed. The most that could be said under any aspect of the case would be that defendant, by employing plaintiffs to effect the insurance, impliedly agreed to accept the insurance when procured and to pay the premiums thereon, and thus enable plaintiffs to earn and collect their commissions from the insurance company. Upon this theory the plaintiffs' action should have been for damages for defendant's refusal to

permit them to earn the commission. Even in such an action I can see grave difficulties in the way of recovering any substantial damages. The very contracts of insurance which plaintiffs obtained for defendants contained provision for cancellation at any time at defendants' option. Therefore the plaintiffs are chargeable with knowledge that these policies might run but a short time, and something less than the whole premium be earned. This would appear to be one of the risks attendant upon the business in which the plaintiffs are engaged. At all events their only agreement for compensation was with the insurance company, and if they are entitled under the circumstances to collect a commission as such their claim is against the company.

It is not important to inquire in this case whether the policies ever became effective, and, if they did, whether or not they were effectually canceled. These questions might become relevant if the company were suing defendant for the premiums, but are irrelevant in this action. In my opinion the judgment in favor of defendant was right, and should be affirmed.

Judgment affirmed, with costs. All concur.