WEINGRAD v. KLETZKY.

(Supreme Court, Appellate Term. December 11, 1906.)

DAMAGES—BREACH OF CONTRACT—PROSPECTIVE PROFITS.

Where the parties entered into a contract whereby plaintiff was to secure insurance on defendant's property, and the policies delivered to defendant were to take effect in the future, before which time the defendant refused to accept them, a judgment awarding plaintiff as damages for the breach of the contract the full amount of commissions which he might have received from the insurance company, had the premiums been paid for the entire period covered by the policies, could not stand.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 74, 75.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Samuel Weingrad against Wolf Kletzky. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Morris A. Rabinovitch, for appellant.

Emanuel Klein, for respondent.

FITZGERALD, J. Plaintiff seeks upon an alleged oral agreement to recover from defendant the amount of commissions which he would have earned if certain policies of insurance against fire had gone into effect. He bases his claim of breach of contract upon defendant's refusal to accept the policies, and the measure of damage as shown by his bill of particulars is the exact amount of commissions which he insists the company would have paid him if the policies had gone into effect. "An owner who receives a fire insurance policy from an agent and returns it before it was to take effect does not incur any obligation to the agent for commissions." Townsend v. Tompkins (Sup.) 10 N. Y. Supp. 797. The policies tendered by plaintiff were rejected, never took effect, and commission never became due from any source. Substantial damages are difficult of proof in this kind of action. Arndt et al. v. Miller, Daybill & Co. (Sup.) 95 N. Y. Supp. 604. The policies were delivered to defendant November 3d, but none of them were to take effect according to their terms until after the middle of that month, and some of them as late as December. They all contained the standard statutory clause, and would lose their force if a fire were to happen on insured premises before they were to take effect. Prospective commissions liable to be lost to plaintiff without any fault on the part of the defendant cannot well form a basis for computing damage. A judgment awarding for the breach the full commissions which plaintiff might have received from the insurance company, if the premiums had been paid for the entire period of time covered by the terms of the policies, is contrary to the authorities and cannot be allowed to stand.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.