George W. Korn, Plaintiff, *v.* Bernard Reich, Defendant.

Supreme Court, New York County, March 24, 1928.

**Insurance — life insurance — complaint in action by broker for commissions on policy not accepted by assured states cause of action.**

A complaint which alleges that the defendant empowered the plaintiff to procure life insurance and agreed to accept such insurance as the plaintiff might obtain and to forthwith pay the premiums thereon upon delivery of the policies and that the defendant thereafter failed to accept the policies and refused to pay the premiums, thereby depriving the plaintiff of his commissions, states a cause of action.

Motion by defendant to dismiss complaint pursuant to rule 106 of the Rules of Civil Practice on ground that on the face thereof complaint does not state facts sufficient to constitute a cause of action.

*Gordon, Tally & Gordon* [*Irving Gordon* of counsel], for the defendant.

*Albert T. Scharps,* for the plaintiff.

Frankenthaler, J. The complaint alleges that the defendant employed plaintiff to procure life insurance and agreed to accept such insurance as the plaintiff might obtain and to forthwith pay the premiums thereon upon delivery of the policies, knowing that plaintiff would receive commissions from the insurance companies in excess of fifty per cent of the first annual premiums; that plaintiff did obtain insurance for the defendant and delivered the policies to the latter, which he accepted and for which he promised to pay, but that he thereafter refused and failed to pay the premiums. Plaintiff alleges that the policies accordingly never became effective and that by reason of the defendant's breach of his agreement to accept the policies and pay the premium the plaintiff was deprived of his commissions, and in addition incurred expenses for medical fees and traveling. Judgment is accordingly sought in the sum of $7,000. I can see no distinction in principle between this complaint and that which was held sufficient in *Pease & Elliman, Inc.,* v. *Gladwin Realty Co., Inc.* (216 App. Div. 421). Defendant argues that a policy of insurance may be canceled by the assured under its terms immediately after its taking effect, and that the assured thereby becomes entitled to a *pro rata* return of the premium. Accordingly defendant contends that the doctrine of *Pease & Elliman, Inc.,* v. *Gladwin Realty Co., Inc. (supra)* is inapplicable to the instant situation. The difficulty

with the defendant's position is that this is a case involving *life* insurance, and no refund of the first year's premium can be obtained by the assured under the laws of this State. Even if it be assumed that the assured could cancel and obtain a *pro rata* return of the premium, that would at most affect the plaintiff's right to substantial damages, as Judge Scott intimated in *Arndt* v. *Miller, Daybill & Co.* (48 Misc. 612). In that case it was held that the broker could not sue for "*commissions*" where there was no agreement, express or implied, that the defendant was to pay any commissions, but the court did suggest that if the defendant employed the plaintiff to effect insurance there might be an implied agreement to accept the insurance when procured and to pay the premiums thereon, and thus enable the plaintiff to earn and collect his commissions. This was pointed out in *James* v. *Home of S. & D. of Israel* (153 N. Y. Supp. 169, at p. 170): "The theory, though elementary, is recognized in *Arndt* v. *Miller* [48 Misc. 612], where an insurance broker brought suit against the insured for commissions after the insured had refused to accept the policy issued upon his authorization of the broker to procure the same. It was held that the theory of the action was erroneous, that it 'should have been for damages for defendant's refusal to permit them (the brokers) to earn the commission.'" In *Townsend* v. *Tompkins* (10 N. Y. Supp. 797) there was no evidence of an agreement to accept the insurance or of any facts from which such an agreement could be implied. The same observation is applicable to *Weingrad* v. *Kletzky* (52 Misc. 129), not to speak of the fact that the policies there involved were for fire insurance, which the assured could cancel on a *pro rata* basis. In *Angstreich* v. *Beck* (165 N. Y. Supp. 449) there was nothing to show any agreement on the part of the defendant to take the policy. In *Eckert & Co.* v. *Pathé Frères* (174 N. Y. Supp. 740) the insured had canceled *fire* insurance policies before their expiration and the plaintiff sued for the amount of commission which he was thereby deprived of. That case obviously has no bearing on the situation here involved. It seems to the court that a good and sufficient cause of action is stated in view of the allegation that defendant agreed to accept the policies and pay the premiums thereon. The motion to dismiss is accordingly denied.

Order signed.