ROSE S. HORWITZ, Appellant, *v.* CRESCENT STAR REALTY COMPANY and Others, Respondents.

Supreme Court, Appellate Term, First Department, April 10, 1928.

**Brokers — commissions — complaint alleges plaintiff was employed by defendants to sell certain building owned by them or to procure exchange for other property — plaintiff located premises which defendants and owner thereof agreed to exchange — plaintiff subsequently procured purchaser for defendants' building, but defendants repudiated transaction — complaint sufficient.**

The complaint in this action for commissions by a real estate broker states a good cause of action, where it alleges that plaintiff was employed by defendants to sell a certain building owned by them or to procure an exchange for other property; that plaintiff located certain premises which defendants and the owner thereof agreed to exchange, but on the condition that if plaintiff procured a purchaser for defendants' building she would waive her commissions for effecting the exchange and accept a single commission for the original sale of the property to be exchanged at the figure at which it was taken in exchange by defendants; that all the parties agreed to the terms and conditions; and that though plaintiff procured a purchaser for the building, the transaction was not completed because defendants repudiated it.

The defendants, having breached their contract with plaintiff, the commission which she would have earned from the owner was within the contemplation of the parties as the measure of plaintiff's damages.

APPEAL by plaintiff from an order of the City Court, county of New York, granting defendant's motion upon complaint, answer

and plaintiff's bill of particulars for a judgment dismissing the complaint, and from the judgment entered thereon.

*Vogel & Sheldon* [*Ira N. Hurwitz* of counsel], for the appellant.

*Guggenheimer, Untermyer & Marshall* [*Eugene Untermyer* of counsel], for the respondents.

BIJUR, J. The complaint and bill of particulars when read together disclose that plaintiff was a real estate broker; that she was employed by defendants to sell a building owned by them or some of them in Water street, or to procure an exchange for other property; that plaintiff found property on West Eighty-ninth street, and that after negotiations a tripartite agreement was entered into whereunder defendants accepted the Eighty-ninth street property in exchange and the owner of that property agreed to the exchange on the terms fixed, on the further condition that before the execution of the contract of exchange plaintiff should procure a purchaser for the Water street property; that plaintiff waived al her commissions for effecting the exchange and for the sale or resale of the Water street property except a single commission for the original sale of the Eighty-ninth street property at the figure at which it was taken in exchange by defendants. All of the parties agreed to these terms and conditions and plaintiff procured a purchaser for the Water street property, but the consummation of the transaction was prevented because the defendants " repudiated the said transaction and refused and still refuse to complete the same."

Under these circumstances plaintiff claims from defendants damages in the amount of the commission which it had been agreed should be paid by the owner of the Eighty-ninth street property at a valuation of $139,000. The dismissal of the complaint is sought to be sustained (as well as I can understand defendants' contention) on the supposed rule or principle announced in *Parker* v. *Simon* (231 N. Y. 503), namely, that a recovery would be allowed only if defendants had made an agreement with plaintiff in respect of the transaction involved. I find it difficult to make the claim of defendants more specific because it seems to have no relation to the instant case and not to be sustained by the decision in *Parker* v. *Simon*. The case cited in the opinion in the *Parker* case (namely, *James* v. *Home of the Sons & Daughters of Israel,* 153 N. Y. Supp. 169) was that of a defendant who had agreed with the plaintiff that if plaintiff procured the sale to it of the property named on acceptable terms it would purchase the premises, and defendant was then aware that plaintiff would obtain commission from the owner of the premises. It was held that the defendant was liable for such commission by way of damages for the breach of defendant's agree-

ment to purchase the premises which the broker had procured. In substance, the holding in that case was tantamount to saying that under such circumstances the defendant, having breached its contract with the plaintiff broker, the commission which the broker would have earned from the owner was within the contemplation of the parties as the measure of plaintiff's damages. That case was based in large part upon the reasoning of SCOTT, J., in *Arndt* v. *Miller, Daybill & Co.* (48 Misc. 612). Since then the *James* case has been followed or cited with approval in *Parker* v. *Simon* (*supra*); *McKnight* v. *McGuire* (117 Misc. 306); *Pease & Elliman* v. *Gladwin Realty Co.* (216 App. Div. 421), and *Starr* v. *Blumenthal* (N. Y. L. J. Oct. 31, 1927).

In *Parker* v. *Simon*, which was also a case decided upon the pleadings, the plaintiff agreed to sell and defendant to purchase certain quantities of steel. Plaintiff alleged that defendant " understood " that plaintiff would transfer the contract to a third party and receive a " commission " therefor; that plaintiff has so transferred the contract, but the defendant refused to accept and pay for the steel from the third party. HISCOCK, Ch. J., writing for the Court of Appeals, pointed out that there was no agreement between defendant and plaintiff except one by the defendant to purchase steel, but that plaintiff, having transferred this contract to the third party, could not sue thereon, and that in the absence of an allegation of any further agreement on defendant's part the breach of the agreement of purchase by defendant gave plaintiff no cause of action at all, and that apart from that fact the allegation that defendant " understood " that plaintiff was to make a profit or commission in nowise imported any agreement on defendant's part in respect to any such commission. Neither the decision itself nor the distinction drawn by the Court of Appeals between that case and the *James* case has any reference to the one now under consideration where not only an original contract of employment between plaintiff and defendants is set out, but it is also alleged in great detail that defendants became parties to the contract between the owner of the Eighty-ninth street property and the broker. This brings the case directly within both the language and the reasoning of the *James* case and other cases which have followed it.

Judgment and order reversed, with costs, and motion denied.

All concur; present, BIJUR, LYDON and LEVY, JJ.