ROBERT HULL & Co., INC., Respondent, v. ECLIPSE DRESS Co., INC., Appellant.

Supreme Court, Appellate Term, First Department, March 25, 1931.

*Harry Lyons* [*Irving J. Seaver* of counsel], for the appellant.

*Horowitz & Hurwitz* [*Charles Horowitz* of counsel; *Harold D. Scharf* on the brief], for the respondent.

FRANKENTHALER, J. The amended complaint alleges the employment of plaintiff, insurance broker, by defendant to procure an inland marine policy of insurance covering defendant's property; that the annual premium " should be " $800, and that defendant agreed to pay plaintiff $1,100 for the said service; that plaintiff performed the contract and delivered the policy to the defendant and the latter accepted the policy; that the plaintiff waives the sum of $300, the difference between the sum agreed to be paid for plaintiff's services and $800, the amount of the premium; and plaintiff demands judgment for $800.

Subdivision 2 of section 169 of the Insurance Law (added by Laws of 1918, chap. 552) reads: " Prohibited acts in connection with marine insurance. * * * 2. No person, partnership, association or corporation, whether acting as broker, agent, or otherwise in connection with the negotiating for or the issuance, delivery or transfer in this state of any binder, cover note, policy or other evidence of a contract of insurance appertaining to or connected with marine risks and risks of transportation and navigation, including the risks of lake, river, canal and inland transportation, shall, directly or indirectly, charge or receive from any person to whom such binder, cover note, certificate or other evidence of a contract of insurance is negotiated, issued, delivered or transferred, any greater sum than the rate of premium fixed therefor by the insurance corporation or underwriter obligated by way of indemnity in case of loss; provided that nothing contained herein shall prevent any duly licensed marine insurance broker from making a special contract in writing for compensation to be paid by the person by whom such broker is employed to negotiate or place insurance, and provided, further, that the said contract shall clearly state or define the amount or extent of such compensation."

Defendant moved to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action,

and the learned justice below denied the motion, holding that while the contract to pay $1,100, " admittedly oral," is void under the statute, the broker was nevertheless entitled to throw off $300, the excess of plaintiff's charge over the premium, and recover the balance, $800, the amount of the premium, for his services.

I think the learned justice erred in his construction of the statute.

Concededly the statute was passed to put an end to the practice of brokers of selling policies at exorbitant rates to those needing marine insurance, and as I read the act a broker effecting marine insurance is forbidden to charge or receive from the insured " any greater sum than the rate of premium fixed therefor by the insurance corporation," provided that nothing in the act prevents a duly licensed marine insurance broker from making a special contract in writing for compensation to be paid by the person employing him to place the insurance, and the said written contract clearly states the amount or extent of the compensation. In other words, as in other kinds of insurance the broker collects the premiums from the insured, out of which he receives his commission from the insurer (*Arndt* v. *Miller, Daybill & Co.*, 48 Misc. 612), provided that a duly licensed marine insurance broker may make a special contract in writing for compensation to be paid by the insured for his services.

It is contended that in any event the complaint is sufficient on its face, and that defendant was required to plead as a defense that the contract was not in writing, section 169 being an extension of the Statute of Frauds. It seems to me that under the terms of the act it is essential to the statement of a cause of action that plaintiff allege the agreement was in writing.

Further, it is fair to assume from the statement in the opinion of the justice below that the agreement relied upon by the plaintiff was " admittedly oral," that such an admission was made before him. And it may be added that although the act provides that " any duly licensed marine insurance broker " may by a contract in writing recover compensation, the amended complaint does not allege that the plaintiff is a duly licensed marine insurance broker.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within six days after service of order entered hereon on payment of costs.

All concur; present, LYDON, LEVY and FRANKENTHALER, JJ.