LOOMIS J. GROSSMAN et al., Appellants, *v.* JOSEPH HERMAN et al., Respondents.

(Argued January 14, 1935; decided February 26, 1935.)

*Hugo Levy* and *Jesse H. Barkin* for appellants. The Appellate Division erred in reversing the judgment of the trial court and in dismissing the complaint. (*McKnight* v. *McGuire*, 117 Misc. Rep. 306; *Pease & Elliman, Inc.*, v. *Gladwin Realty Co.*, 216 App. Div. 421; *Kirwan* v. *American Lithographic Co.*, 197 N. Y. 413; *Thedford* v. *Herbert*, 195 N. Y. 63; *Costello* v. *Third Ave. R. R. Co.*, 161 N. Y. 317; *Waldron* v. *Fargo*, 170 N. Y. 130.)

*Stanley S. Groggins* for respondents. A broker employed by an owner of real property to sell the same, who procures the consent of his principal to sell upon terms contained in a counter-proposal made by prospective purchasers, may not recover commissions by way of damages from such prospective purchasers, even though they arbitrarily refused to complete the sale. (*Fox Co.* v. *Wohl*, 255 N. Y. 268; *Morgenthau-Seixas Co.* v. *Greene*, 143 Misc. Rep. 456; *Parker* v. *Simon*, 231 N. Y. 503; *Niesen* v. *Galewski*, 211 App. Div. 858; 240 N. Y. 652; *Goff* v. *Adelson*, 229 App. Div. 802; *Mulhall* v. *Bradley & Currier Co.*, 50 App. Div. 179; *Windman* v. *Bulkowstein*, 168 N. Y. Supp. 57; *Eichenbaum* v. *Taxicab Casualty Co.*, 135 Misc. Rep. 339; *Calkins* v. *Woolworth Co.*, 27 Fed. Rep. [2d] 314.)

O'Brien, J.  Plaintiffs are real estate brokers and were employed by the owner of 860 Eighth avenue in the borough of Manhattan to effect the sale of these premises. After they had been retained as brokers for this purpose, they approached defendants and participated in numerous conferences with them in an effort to make a sale.  Several proposals were made by plaintiffs and rejected by defendants.  Eventually plaintiffs again called upon defendants and in the presence of both plaintiffs and both defendants the plaintiff Grossman suggested: " I have got an idea where I can show you how you can buy 860 Eighth Avenue without any cash at a price of $145,000.  Would you be interested? "  The defendant Herman replied: " If you can do that, don't hesitate; close the deal right off the bat.  If you can get me that property without any cash, I will close it immediately."  Defendant Herman admits, in reference to that conversation, that he " authorized Mr. Grossman, the broker who is suing in this action, to go out and get the premises 860 Eighth avenue for the sum of $145,000, no cash."  The owner consented to the terms which had been offered by plaintiffs and orally accepted by defendants, but later defendants changed their minds and decided not to purchase this property.

The complaint embracing the first cause of action, which is the only one which survives the verdict of the jury, alleges an employment of plaintiffs not only by the owner but also by defendants and a breach by defendants of that alleged contract of employment.  It demands as damages a sum measured by the amount of the commission which defendants are alleged to have prevented plaintiffs from receiving from the owner of 860 Eighth avenue.  The jury rendered a verdict in favor of plaintiffs on this cause of action but the Appellate Division reversed the judgment on questions of law and dismissed the complaint.

The mere fact that brokers have been employed by an owner to procure a sale or lease of real estate need not in

itself necessarily prevent such brokers, under proper circumstances, from accepting employment also from a purchaser or a lessee. The question always is whether the facts in a given case may be held as matter of law to justify an inference of a double employment. In *Pease & Elliman, Inc.*, v. *Gladwin Realty Co.* (216 App. Div. 421) the Appellate Division, in weighing the evidence, inferred an employment by defendant as well as the owner. When, as in the case before us, the complaint alleges an employment of plaintiffs by defendants as prospective purchasers, the right to recovery must depend upon proof of such allegations. There must be an existing contract between the plaintiffs and defendants which the latter had broken with resulting liability for damages. (*Parker* v. *Simon*, 231 N. Y. 503, 508.)

The facts proved in this case do not constitute an employment of plaintiffs by defendants. Both parties knew that plaintiffs were authorized by the owner to negotiate and attempt to bring about a meeting of minds on such terms as might be satisfactory to him. Plaintiffs were aggressive, as they had the right to be, in their efforts to dispose of this property either by lease or sale and thus earn a commission. First, they offered to sell the property to defendants, but, at that stage of the negotiations, defendants expressed an interest in leasing it. Later they decided not to lease it. Then plaintiffs renewed the offer to sell and made that proposition for $145,000, without cash. There was not even a counter offer by defendants but merely an oral acceptance of plaintiffs' suggestion. When one of the plaintiffs asked one of the defendants: " If I can show you how you can buy the property without any cash, would you be willing to make those alterations, would you be willing to agree to make those improvements, so that the owner would feel justified in selling the property and taking back a mortgage without getting any cash security in a sale? " one of the defendants answered in the affirmative.

The question of law is reduced to this proposition: Is a prospective purchaser liable for commissions to a broker employed by the owner when the prospective purchaser fails to carry out an oral acceptance of an offer made by that broker? There can be no such liability unless the prospect employed the broker. These defendants' acceptance of the proposition tendered by plaintiffs cannot lead to an inference that defendants thereby employed them. As far as they were concerned, plaintiffs acted merely as intermediaries to offer proposals and to convey to the owner acceptance of such proposals or the advancement of counter proposals by a prospect whom plaintiffs were sufficiently energetic to discover. As between the owner and the prospect an oral acceptance to purchase real estate can be withdrawn, without risk of incurring liability for damages, at any time prior to the incorporation of such acceptance in a written instrument and execution thereof. Until that time, oral offers and oral acceptance must be deemed to be conditional and to constitute merely part of negotiations which are not consummated. If the broker is not employed, he takes his chances in respect to a consummation of pending negotiations and unless he definitely brings the parties together to such an extent that the prospective purchaser is bound, his services are rendered without right to compensation. Otherwise, every conditional offer or tentative acceptance by a prospect would result in a contract of employment.

Each case in which allegations of employment are made must be decided on the particular facts. The evidence in this case does not, in our opinion, justify an inference of employment by defendants. It does not appear that defendants had agreed, expressly or impliedly, to pay commissions or that the parties ever contracted with reference to commissions or even contracted at all.

The judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, HUBBS, CROUCH and LOUGHRAN, JJ., concur; FINCH, J., not sitting.

Judgment affirmed.