FANNY P. DUDGEON, Respondent, v. CHARLES W. LUDLAM, Appellant.— In an action to recover a chattel, judgment of the County Court of Nassau county for plaintiff unanimously affirmed, with costs. The defense of the Statute of Limitations as pleaded or proposed to be pleaded was unavailing. Under the law of the case and the contentions of appellant here, there is no substantial ground for reversal. Present — Hagarty, Carswell, Adel, Taylor and Close, JJ.

FRANCIS J. FERRAN, Appellant, v. WOODSIDE WINE & LIQUOR STORE, INC., Respondent.— Order denying motion for an injunction *pendente lite* reversed on the law, with ten dollars costs and disbursements, and motion granted. (*Port Chester Wine & Liquor Shop, Inc.,* v. *Miller Bros.,* 253 App. Div. 188.) Amount of bond will be fixed in the order. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur. Settle order on notice.

GEORGE B. GREENE, Respondent, v. ELISABETH G. BROWN, Appellant.— Action for damages by a real estate broker in an amount equal to the commission he would have received from the seller of certain real property, which commission he lost by reason of the defendant prospective buyer's refusal to go through with an agreed upon purchase of the property. Judgment for the plaintiff on a directed verdict reversed on the law, with costs, and the complaint dismissed, with costs. There was no express agreement made by the prospective purchaser to pay commissions to the broker. It is conceded that there was no oral agreement to pay such commissions or any oral agreement of employment by the prospective purchaser. The only writing claimed to constitute an agreement in which the prospective purchaser impliedly agreed to pay such commissions is plaintiff's Exhibit 1. Read in the setting of the negotiations between the parties and in the light of the fact that the formal agreement provided for payment of commissions by the seller, it is not fairly inferable from that writing that the prospective buyer agreed to pay commissions to the plaintiff or agreed to become liable for such commissions in the event the deal was not consummated by reason of the prospective buyer withdrawing from the deal. (*Grossman* v. *Herman,* 266 N. Y. 249; *Niesen* v. *Galewski,* 240 id. 652.) Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

FRED HAUSER and IRMGARD HAUSER, Respondents, v. ELECTROLUX, INC., Appellant, and NORMAN ROBERTS, Defendant.— Consolidated action to recover damages for personal injuries and injury to property. Order denying motion of the appellant to modify the notice of examination of both defendants affirmed, with ten dollars costs and disbursements; examination to proceed on five days' notice. No opinion. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.