LOUIS I. SIEVEN, Plaintiff, *v.* NATHAN GLAZER et al., Defendants.

Supreme Court, Special Term, Kings County, April 24, 1943.

*Levy, Kornblum & Katz* for defendants.

*Rubinton & Coleman* for plaintiff.

CUFF, J. Motion to dismiss the complaint because it fails to state facts sufficient to constitute a cause of action. (Rules Civ. Prac. rule 112.) Plaintiff, a real estate broker, is suing the purchaser of real property for breach of contract. The allegations of the complaint must be deemed established. On that theory the facts are: The defendants requested plaintiff to locate for them a certain type of real estate and to procure the owner to sell or lease it to them on their terms (Complaint, paragraph Third). The defendants promised that if plaintiff were successful in his efforts they would buy or lease such property (Fourth). Plaintiff accepted " said employment " (Fifth). That at the time, defendants knew that plaintiff was a real estate broker entitled to commissions, computed according to the usual custom, to be paid by the owner of the property sold or leased (Sixth). Plaintiff procured an acceptable owner (Eighth) and thereafter defendants purchased the property upon the terms submitted to them by plaintiff (Tenth) after he had negotiated with the owners (Eighth).

The defendants entered into the contract (1) without plaintiff's knowing about it; (2) without informing the owner that plaintiff was the broker who had interested them, and (3) " through the pretended instrumentality of another person as broker for the purpose of preventing plaintiff from earning his commissions, all in violation of the agreement of employment with plaintiff " (Eleventh). Plaintiff's contention is that defendants are responsible because he lost to another broker the commissions on the sale.

The basis upon which the plaintiff can recover is to establish a contract and allege its breach. In *Grossman* v. *Herman* (266 N. Y. 249, 252) the court said: " When, as in the case before us, the complaint alleges an employment of plaintiffs (brokers) by defendants as prospective purchasers, the right to recovery must depend upon proof of such allegations." A different rule obtains when the broker sues the seller because an agreement will be implied in that case.

Assuming all the facts recited in the complaint, where is the breach of the contract? There was no obligation, under the contract pleaded, for defendants to tell plaintiff that they were about to consummate the deal, or to inform the sellers that plaintiff was the broker who procured their interest. The **language** of the complaint does not charge that defendants

introduced another broker into the transaction, if that would have made any difference. Defendants promised that if plaintiff procured an acceptable proposition they would buy the property. Defendants performed that promise. If plaintiff were the procuring cause of defendants' buying that property, he is entitled to collect from the sellers.

Defendants have violated no agreement which they had with plaintiff. They have done nothing to prevent plaintiff from perfecting his claim for commissions. In the many cases cited by plaintiff prospective buyers failed to go through with the deal. In each of those instances that default defeated the broker's claim against the seller and the defaulting buyers were held responsible to the broker for his loss. In the case at bar the defendants did not default. They completed the deal, thus making it possible, if otherwise qualified, for plaintiff to recover his commissions. The complaint fails to state a cause of action. Motion granted.