Herman Ackman et al., Copartners Doing Business under the Name of Ackman Brothers, Plaintiffs, *v.* Deems Taylor, as President of American Society of Composers, Authors and Publishers, an Unincorporated Association, Defendant.

Supreme Court, Special Term, New York County, July 20, 1945.

*Louis D. Frolich, Herbert P. Jacoby* and *Lawrence C. Gibbs* for defendant.

*Emanuel A. Stern* for plaintiffs.

Schreiber, J. The complaint here challenged as insufficient essentially alleges that plaintiff brokers were expressly employed by defendant to procure for it, as tenant, a certain lease on certain premises, plaintiffs to be compensated by commissions to be paid by the lessor. Defendant eventually refused to enter into the lease as finally negotiated and is here sued for the commissions plaintiffs would have earned from the lessor.

I hold that the complaint states a cause of action. A definite contract between the parties is alleged, for breach of which plaintiffs are entitled to naturally consequent damages, if such breach be established (*Grossman* v. *Herman,* 266 N. Y. 249; *Pease & Elliman, Inc.,* v. *Gladwin Realty Co., Inc.,* 216 App. Div. 421). A different case would be here if the broker had been expressly employed only by the owner and sought to hold the prospective lessee or vendee by an alleged implied contract arising from acceptance of the transaction offered by the broker

to the said lessee' or vendee (*Greene* v. *Brown*, 256 App. Div. 1103, affd. 281 N. Y. 742). Liability arises only upon a definite contract with or employment of the broker by the prospect, and a breach thereof (*Sieven* v. *Glazer*, 181 Misc. 318, affd. 267 App. Div. 969, leave to appeal denied 292 N. Y. 726; *Grossman* v. *Herman, supra,* p. 253). Defendant urges that the broker has no recourse unless the prospect not only " agreed " but agreed to pay " commissions ". However, on careful reading of the authorities and on principle, it would seem sufficient that the prospect expressly " contracted " with the broker, whoever is to pay the commissions (*Grossman* v. *Herman, supra; Parker* v. *Simon*, 231 N. Y. 503; *Hokar Products Corp.* v. *Griscom & Co.*, 40 N. Y. S. 2d 54). The authority of *Fox Co.* v. *Wohl* (255 N. Y. 268) would seem in any event limited to cases of exchange of property.

The motion is denied with leave to answer within twenty days after service of a copy of the order herein with notice of entry.