MARTIN E. MONAT, Plaintiff, *v.* SAUL ETTINGER et al., Defendants.

City Court of the City of New York, Trial Term, New York County,
June 12, 1947.

*Weintraub & Fass* for plaintiff.

*Harris Birnbau* for defendants.

COLEMAN, J. Plaintiff, agent of a life insurance company, invited and obtained applications from the defendants for life insurance policies in that company. The defendants were examined; their applications were accepted, and policies were issued by the insurance company and tendered to the defendants by the plaintiff. The defendants delivered their checks in payment but the next day returned the policies and stopped payment on the checks. Plaintiff now sues for an amount equivalent to what he would have received by way of " commissions " from his insurance company. He has had a verdict in his favor, but the question whether he has established a case remains open by appropriate motions. The verdict in his favor must be set aside and the complaint dismissed.

In popular language plaintiff was a broker in the sense that it was his business to interest persons in applying for life insurance policies upon which if effected he would receive commissions. But he was not a broker. Commissions would be paid

by the company of which he was an agent and they could be paid to him only as agent (Insurance Law, § 113). He was "an insurance agent" as distinguished from an "insurance broker". The distinction is vital. As agent he was a representative of the company which employed him and which would have paid him his commissions. He cannot, acting as representative of that company, recover from the defendants compensation he would have received from his employer if the defendants had accepted the policies of insurance. (Cf. *Angstreich* v. *Beck*, 165 N. Y. S. 449.) In *Korn* v. *Reich* (131 Misc. 742, affd. 225 App. Div. 671), upon which plaintiff undoubtedly relied in drafting his complaint, the complaint alleged that the plaintiff was an insurance broker, specifically employed by the defendant to perform some services for him. But whatever the complaint here said, the facts are that the plaintiff is an agent of the company in its employ in a trusted capacity and that the services he rendered here were the very services he was obliged to perform for that company — to solicit bona fide applications and facilitate their acceptance.

The plaintiff's case is no better if he is to be considered a broker, having the status of a business broker or real estate broker without the restrictions placed upon him as an insurance agent. Assuming he was a broker, he was retained in the first instance, as I have said, by the insurance company which was to pay him commissions. In the course of his employment he solicited applications from the defendants and for the consequent fruitlessness of his efforts, even if due to the unwillingness of the defendants to accept the policies he must take his chances. The defendants did not employ him and they made no agreement with him express or implied (*Grossman* v. *Herman*, 266 N. Y. 249; *Greene* v. *Brown*, 256 App. Div. 1103, affd. 281 N. Y. 742). *Ackman* v. *Taylor* (185 Misc. 807, affd. 269 App. Div. 1025, affd. 296 N. Y. 597) is not a holding to the contrary. There, although commissions, if the transaction had been consummated, would have been due the plaintiff brokers from the owner of real property, the plaintiff was retained by the defendants to perform certain services for them, to obtain a lease of that property. He performed those services and obtained an offer to lease and because of the defendants' refusal to accept the lease, they were held responsible to him. " A different case would be here if the broker had been expressly employed only by the owner and sought to hold the prospective lessee or vendee by an alleged implied contract arising from acceptance of the

transaction offered by the broker to the said lessee or vendee ''. (185 Misc. 807–808.) This is that '' different case ''. It is sheer extravagance to say that an applicant for life insurance upon changing his mind after his application has been accepted has made an '' implied agreement '' to pay commissions to the company's solicitor. We may as well say that if an insured cancels his policy even after it is in effect and after he has paid premiums he is liable to the insurance agent or broker for commissions that would have been due upon the payment of later premiums.

The verdict is set aside and the complaint dismissed. Settle order.