Callahan, J.
(dissenting). In my opinion the defendants-appellants were entitled to summary judgment in their favor on the second cause of action alleged in the complaint.
The gravamen of this cause of action is that the defendants conspired to deprive the plaintiffs of brokerage commissions earned upon the sale of realty.
The plaintiffs as well as the defendants Shapiro and Abrams testified as witnesses in an earlier action by other brokers (Brown, Wheelock, Harris & Stevens, Inc.) to recover commissions on the same sale of the property. From the record' of such testimony and the affidavits of the parties, the facts in connection with the sale and the relation of the defendants to the transaction appear without substantial dispute. Briefly stated, the defendants Revson and Revlon Products Corporation (hereinafter called “ Revlon ”) had been procured by the plaintiffs as proposed purchasers and orally agreed to buy the property for $965,000. However, before entering into any written contract or otherwise making themselves legally liable to complete the purchase, these defendants withdrew their offer on learning indirectly through another broker that the property might be acquired for $900,000. The Revsons and Revlon through Abrams, their accountant, communicated this information to the plaintiffs and requested that they endeavor to get the property at the lower price. This request was refused by the plaintiffs, who claimed that they had completed their work as brokers. Thereupon Abrams arranged with Shapiro to make inquiry concerning a purchase of the property through the firm of Brown, Wheelock, Harris & Stevens, Inc. After some negotiation Shapiro succeeded in buying the property as Abrams’ dummy for $915,000. He turned it over to a corporation controlled by Abrams, which subsequently leased it to Revlon. Apparently, neither the seller nor the new brokers were aware of any connection between Shapiro and the Revlon interests.
On these facts I do not think that the defendants individually or as alleged conspirators induced any breach of contract or rendered themselves liable for damages to the plaintiffs, even if the actual purchaser was a dummy for Revlon. There is no claim that the plaintiffs had been employed by any of the defendants. The plaintiffs had not earned their commissions from the seller for the reason that Revlon did not continue willing to purchase on the preferred terms, but withdrew its offer to buy at $965,000. The plaintiffs refused to continue further efforts as brokers. In such circumstances it does not appear that the defendants’ actions could constitute an unlawful conspiracy causing damage to the plaintiffs. The acts or conduct of the defendants can hardly be said to have defeated any right of the plaintiffs to commissions. The fact that the sale did not occur through the plaintiffs’ efforts but those of another broker was due to the plaintiffs’ mistaken notion that their commissions had already been earned on obtaining an oral offer to buy at a price acceptable to the seller.
The withdrawal of an offer does not create any liability to a broker on the part of a purchaser who has not employed the broker to represent or act for him. Thus, in Grossman v. Herman (266 N. Y. 249) the court said (p. 253): *1076 “ The question of law is reduced to this proposition: Is a prospective purchaser liable for commissions to a broker employed by the owner when the prospective purchaser fails to carry out an oral acceptance of an offer made by that broker? There can be no such liability unless the prospect employed the broker. These defendants’ acceptance of the proposition tendered by plaintiffs cannot lead to an inference that defendants thereby employed them. As far as they were concerned, plaintiffs acted merely as intermediaries to offer proposals and to convey to the owner acceptance of such proposals or the advancement of counter proposals by a prospect whom plaintiffs were sufficiently energetic to discover. As between the owner and the prospect an oral acceptance to purchase real estate can be withdrawn, without risk of incurring liability for damages, at any time prior to the incorporation of such acceptance in a written instrument and execution thereof. Until that timé, oral offers and oral acceptance must be deemed to be conditional and to constitute merely part of negotiations which are not consummated. If the broker is not employed, he takes his chances in respect to a consummation of pending negotiations and unless he definitely brings the parties together to such an extent that the prospective purchaser is bound, his services are rendered without right to compensation. Otherwise, every conditional offer or tentative acceptance by a prospect would result in a contract of employment.”
The present ease is distinguishable from Hornstein v. Podwita (254 N. Y. 443) and Keviczky v. Lorber (290 N. Y. 297). In neither of these cases was the transaction or sale defeated merely because the purchaser withdrew a tentative offer to buy in order to secure the property for a lower price. Nor is there any substantial similarity between this ease and Cohen v. City Bank Farmers Trust Co. (276 App. Div. 195) where the facts were held sufficient to constitute a prima facie ease against a prospective purchaser who ostensibly broke but later resumed negotiations for the purchase of the property. In the Cohen case {supra) the defendant purchaser falsely certified the broker in the transaction and thus deceived the seller.
While some dispute may exist as to collateral and immaterial questions, there appears to be no substantial factual controversy on the issues determinative of liability in this case. The record of the testimony in the earlier suit of Brown, Wheeloek, Harris & Stevens, Inc., against the seller is in the nature of documentary proof entitling the defendants to summary judgment on the conspiracy count alleged in the complaint. The plaintiffs do not suggest that their testimony would be any different on the trial of this action.
Accordingly, I vote to reverse the orders appealed from and grant the motions for summary judgment in favor of the defendants-appellants.
Cohn, Van Voorhis and Shientag, JJ., concur in decision; Callahan, J., dissents and votes to reverse the orders appealed from and grant the motions for summary judgment in favor of the defendants-appellants in an opinion in which Glennon, J. P., concurs.
Orders affirmed, with $20 costs and disbursements to the respondents, upon the ground that issues of fact are presented which should await determination at a trial. No opinion. [See 277 App. Div. 845.]