Bernard S. Meyer, J.
This motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action is granted.
The plaintiff, a real estate broker, was allegedly employed by the owner of certain property to procure a purchaser. It was agreed that brokerage commissions would be paid by the owner “ if and when title closes.” The defendants are the purchasers. After executing a written agreement with sellers, defendants refused to complete the purchase.
Plaintiff does not allege that the defendants ever expressly or impliedly agreed to employ her or to pay her a commission for her services. It is merely alleged that the defendants wrongfully refused to perform their obligations under the contract of sale and that as a result, plaintiff did not receive a commission from the owner. Damages in the amount of the commissions are sought, from the defendant purchasers.
Clearly, plaintiff has no cause of action on any contract theory (Parker v. Simon, 231 N. Y. 503; Sieven v. Glazer, 267 App. Div. 969; Greene v. Brown, 256 App. Div. 1103, affd. without opinion 281 N. Y. 742). Plaintiff urges, however, that defendants may be held in tort because by failing to complete their contract with the sellers defendants wrongfully interfered with plaintiff’s contract with sellers with the result that plaintiff lost the commission she otherwise would have earned under that contract. Since plaintiff’s contract called for commission only “ if and when ” title closed, plaintiff has no cause of action for breach of contract against the sellers (Amies v. Wesnofske, 255 N. Y. 156). Absent a breach of contract by. the sellers, the cause of action against the purchasers must fail (Israel v. Wood Dolson, 1 N Y 2d 116). An essential element of a tort cause of action is defendants ’ intentional procuring of the breach by sellers of their contract with plaintiff (Israel v. Wood Dolson, supra), whereas all that is alleged is that defendants breached their own contract with sellers as a result of which sellers’ liability under plaintiff’s contract came to an end in accordance with its terms. That that act incidentally affects plaintiff’s contract does not make it an interference with or intentional procuring of the breach of that contract. For breach of their contract with sellers, defendants may, of course, be held to respond in dam *714 ages to the sellers. Extension of the tort of interference with contract to require defendants to respond to plaintiff as well would set at naught the limitations of third-party beneficiary law stemming from Seaver v. Ransom (224 N. Y. 233). Neither logic nor justice requires so doing.
The motion is granted and the complaint is dismissed with the right to replead, if plaintiff be so advised, within 20 days after service of a copy of the order entered hereon with notice of entry. Short-form order signed.